**Board of Education of Community Consolidated School District No. 59 of Cook County, Illinois, etc., Plaintiff-Appellee, v. Herzog Building Corporation, an Illinois Corporation, Merged with E. A. Herzog Construction Company, an Illinois Corporation, and Herzog Realty Company, an Illinois Corporation, Defendant-Appellant.**

**Gen. No. 48,768.**

First District, Second Division.

April 11, 1963.

Paul M. Smith, Jr. and Cecil A. Caplow, of Chicago (Cecil A. Caplow, of counsel), for appellant.

Irving Goodman and Everett Lewy, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

Defendant appeals from a judgment on the pleadings in favor of plaintiff for $103,261.50, representing $95,000 as principal plus interest.

The salient facts are set forth in a prior opinion involving the parties (Board of Education v. E. A. Herzog Const. Co., 29 Ill App2d 138, 172 NE2d 645 (1961)) and disclose that on May 9, 1957 plaintiff entered into a written agreement with E. A. Herzog Construction Company, a subdivider, to build a fourteen- to sixteen-room elementary school within a subdivision in Consolidated School District No. 59 in

Cook County, Illinois. By the terms of the contract defendant agreed to help defray the cost of the school by proposing to pay the school district the sum of $95,-000, $65,000 to be paid on September 1, 1958, the remaining $30,000 on October 15, 1958. However, plaintiff had not begun construction of the building by July 15, 1958, as provided by the contract, and accordingly, on August 27, 1958, the parties modified the contract by providing that defendant would not become obligated to pay the $95,000 until the school was completed and made available for occupancy. Erection was completed on August 14, 1959, and defendant was duly notified. However, despite numerous requests by plaintiff, defendant refused to pay the $95,000. On October 5, 1959 plaintiff filed suit to recover the $95,000 from defendant. The principal defense interposed (p 141) was that the agreements were void as against public policy "in that they are contracts 'for the purchase of influence upon the action of public officers.'" The trial court held this defense to be without merit and on May 16, 1960 entered judgment on the pleadings. On appeal we affirmed the judgment, characterizing defendant's charges (p 142) as "wild and irresponsible" and without foundation. This disposition stands, since the Supreme Court denied leave to appeal (20 Ill2d 628 (1961)).

On September 22, 1959 E. A. Herzog Construction Company, an Illinois corporation, and Herzog Realty Company, an Illinois corporation, merged into Herzog Building Corporation, an Illinois corporation, which became the surviving corporation. This merger was effected more than two years after the original agreement was signed, some thirteen months after the supplemental agreement was signed, and approximately five weeks after the building was completed. No notice of the merger was given to plaintiff.

The complaint herein, filed June 19, 1961 against Herzog Building Corporation, alleged that articles of

merger, duly filed in the office of the Secretary of State on September 22, 1959 and recorded in the office of the Recorder of Deeds of Cook County, Illinois on September 28, 1959, provided inter alia that "Herzog Building Corporation shall be responsible and liable for all the liabilities and obligations of E. A. Herzog Construction Company and Herzog Realty Company."

The complaint further alleged:

"4. That under Section 157.69, Chapter 32 of the Business Corporation Act of the State of Illinois, 1959, it is provided in case of mergers or consolidation of corporations as follows:

"(e) Such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any of such corporations shall be impaired by such merger or consolidation."

Plaintiff further alleged that before the articles of merger were filed, Herzog Construction Company was obliged, by written contract, to pay plaintiff the sum of $95,000, but refused to do so. There were numerous other allegations in the complaint and the amendment thereto, but in the view we take the foregoing recital is sufficient for determination of the case.

By way of defense defendant here averred that since no judgment was entered against Herzog Construction Company until May 16, 1960, no claim existed prior to that date; that the judgment was against a nonexisting entity; and that on September 22, 1959 Herzog Building Corporation (defendant in this suit)

47

was not liable for plaintiff's claim against Herzog Construction Company.

Plaintiff filed a written motion for judgment on the pleadings on the grounds that there were no controverted issues of fact; that the Appellate Court in the prior appeal found that the cause of action existed prior to September 22, 1959; that defendant's answer constituted a collateral attack on the decision and judgment of the Appellate Court on the former appeal; and that the statute compelled Herzog Building Corporation to assume all liabilities and obligations of Herzog Construction Company whether or not they were reduced to judgment or whether or not defendant voluntarily assumed the obligations. Pursuant to argument, the court entered the judgment from which defendant appeals.

As heretofore stated, the building was completed August 14, 1959; the merger did not become effective until September 22, 1959, more than a month later. There is no merit to defendant's contention that, prior to merger, there was no "claim existing" within the meaning of the statute. The provisions of the Business Corporation Act with respect to merger (Ill Rev Stats 1961, c 32, §§ 157.61–157.70) are clear and explicit; it would be a travesty on justice and pervert the intent of the statute if a corporation could rid itself of its obligations by merging with another corporation just before suit was filed against the absorbed corporation. The statute specifically provides (§ 157.-69(e)) that any claim "may be prosecuted to judgment as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place." This provision affords protection to a claimant, like plaintiff here, which at the time of filing suit has no knowledge of a merger because it has taken place too recently to appear on the Recorder's indexes. Prior to July 13, 1933, the ef-

fective date of the present Business Corporation Act, when one corporation merged with another, any action or proceeding pending against one of the corporations so merged could be continued to judgment as if said merger had not taken place, i. e., against it in its pre-merger name, but there was no provision in the law for commencing an action on an existing claim against the merged corporation in its old name. Under the present statute plaintiff had the choice of describing defendant by either its old or its new name; in fact the proceeding is actually against the surviving corporation regardless of the name under which defendant is sued.

■ Lastly, defendant argues that there were triable issues. Cases cited to support this contention merely enunciate the rule that issues of fact cannot be decided on a motion for judgment on the pleadings, but these cases do not apply because here there is no issue of fact. Whether or not defendant is liable under the articles of merger and under section 157.-69(e) of the Business Corporation Act is a question of law and not a question of fact. We therefore conclude that the court correctly entered summary judgment for plaintiff on the pleadings. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.