**PETROLEUM EXPLORATION AND OPERATING CORPORATION, Appellant,**

v.

**J. W. McCUTCHEN DRILLING COMPANY et al., Appellees.**

No. 18151.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 17, 1980.

Rehearing Denied Feb. 14, 1980.

Crenshaw, Dupree & Milam, and Cecil Kuhne, Lubbock, for appellant.

Fillmore & Camp, and Randy J. Hall, Fort Worth, for appellees.

## OPINION

HUGHES, Justice.

This is a suit on an indemnity agreement. Petroleum Exploration and Operating Corporation (Petro) has appealed the summary judgment rendered by trial court in favor of J. W. McCutchen Drilling Company (McCutchen).

We reverse and remand.

Petro and McCutchen executed an oil drilling contract between them providing for McCutchen to drill a well for Petro. Under such contract McCutchen agreed to perform all work with due diligence and in a good, workmanlike manner, to maintain well equipment in good condition and use all reasonable means to prevent fires and blowouts.

McCutchen also agreed to indemnify and save harmless the owner (Petro) against all claims and causes of action in favor of the contractor's (McCutchen) employees or third persons on account of personal injuries resulting from the negligent acts or omissions of McCutchen, its agents, employees and subcontractors.

W. R. Hardcastle, an employee of McCutchen, sued Petro and Big E. Testers in Scurry County for personal injuries caused by a fire on a drilling rig while he was employed by McCutchen in drilling a well for Petro under the contract above noted. Petro cross-claimed against McCutchen alleging twelve specified acts of McCutchen's negligence as the proximate causes of Hardcastle's injury. Further, Petro asserted a right of indemnity from McCutchen under the contract and, alternatively, contribution.

The Scurry County district court granted McCutchen's plea of privilege, severed the action, transferred it to Wichita County where it was tried on motion by McCutchen for summary judgment. It is undisputed that Hardcastle collected workers' compensation benefits from McCutchen's compensation carrier for the injury of which he complains.

Petro's single point of error urges that trial court erred in granting McCutchen's motion for summary judgment because McCutchen wholly failed to prove that the injury to his employee, Hardcastle, was not due to the negligence of McCutchen, his agents, servants or employees, and therefore McCutchen wholly failed to prove that Petro was not entitled to recover under the indemnity agreement as a matter of law.

The only summary judgment proof made by McCutchen is his affidavit attached to his motion for summary judgment. This did not attempt to negate specific allegations of negligence alleged by Petro in its pleadings but in effect simply alleged that Hardcastle received workers' compensation benefits from McCutchen's carrier.

We are faced with the question of whether or not the indemnity section of the drilling contract is sufficient to sustain Petro's claim for indemnification. Such contract provides:

"18.10 Indemnity by Contractor: Contractor agrees to protect, indemnify, and save harmless the Owner from and against all claims, demands, and causes of action in favor of Contractor's employees or third parties on account of personal injuries or death or on account of property damages (other than property damages as in this Par. 18 specifically provided for) *arising out of the work* to be performed by Contractor hereunder and resulting from the negligent acts or omissions of Contractor, Contractor's agents,

employees, and subcontractors." (Emphasis ours.)

McCutchen urges that the summary judgment was correct because Petro had no cause of action for indemnity or contribution as a matter of law under the facts of this case.

In urging the foregoing, McCutchen cites Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 3 (1967), which provides in part:

"If an action for damages on account of injury to or death of an employee of a subscriber is brought by such employee, or by the representatives or beneficiaries of such deceased employee, or by the association for the joint use and benefit of itself and such employee or such representatives or beneficiaries, against a person other than the subscriber, as provided in Section 6a, Article 8307, Revised Civil Statutes of Texas, 1925, and if such action results in a judgment against such other person, or results in a settlement by such other person, the subscriber, his agent, servant or employee, shall have no liability to reimburse or hold such other person harmless on such judgment or settlement, nor shall the subscriber, his agent, servant or employee, have any tort or contract liability for damages to such other person because of such judgment or settlement, *in the absence of a written agreement expressly assuming such liability*, executed by the subscriber prior to such injury or death. No part of this Section is intended to lessen or alter the employees existing rights or cause of action either against his employer, its subscriber, or any third party." (Emphasis ours.)

McCutchen also argued in his summary judgment motion and his appellate brief that, regardless of any conceivable finding that might be made in the primary suit, Petro is not entitled to indemnity or contribution against him as a matter of law. He enumerates the alleged four possible findings as follows:

1. Neither Petro nor McCutchen were negligent;

2. McCutchen was negligent and Petro was absolved;

3. Petro was negligent and McCutchen was absolved;

4. Both Petro and McCutchen were negligent;

He contends Petro's claims against him are dependent on and derivative of the primary suit, and, of the four findings above, none could serve as a basis for his liability to Petro, and therefore he was entitled to summary judgment.

We find these contentions immaterial. Petro sued McCutchen for indemnity and contribution, based on the portion of the drilling contract which provides for indemnity in those situations in which Petro would be vicariously liable for McCutchen's negligence. The question then is whether this is the type of written agreement which, as applied to the primary suit, is an exception to the statutory prohibition in the Workers' Compensation Act against recovery by third parties from the employer in this type of situation. We hold that this written agreement expressly provides for McCutchen to indemnify Petro for damages assessed against it for injuries to employees of McCutchen's arising out of his work and attributable to his negligence, therefore the Workers' Compensation Act is not a bar to this suit. Tex.Rev.Civ.Stat.Ann. art. 8306 Sec. 3 (1967).

Under the facts in this case, McCutchen could only establish his right to summary judgment by proving as a matter of law he was in no way negligent with reference to Hardcastle's damages. McCutchen failed to do this. Therefore, his motion was erroneously granted. *Sira & Payne, Inc. v. Wallace & Riddle*, 484 S.W.2d 559 (Tex.1972).

We reverse the trial court's judgment and remand this cause to the trial court.