SEARS, Justice,
dissenting.
I respectfully dissent. I believe that it is time for Texas to adopt a limited doctrine of “dual capacity” when an employer stands in the shoes of a third-party tort-feasor.
Under the doctrine of dual capacity, an employer who is normally immune from tort liability resulting from a work-related accident to an employee may be liable to such employee as a third-party tortfeasor when and if the employer occupies, in addition to his capacity as an employer, a second capacity which would confer upon him obligations independent of those imposed upon him in his position as the employer. In other words, where an employer’s liability arises solely by reason of an independent contractual assumption of the obligations and liabilities of a third-party tort-feasor, the employer puts on a second hat or assumes a second capacity separate from that capacity as an employer. When the employer chooses, for whatever reason, to wear two hats, or to maintain dual roles or dual capacities, the exclusivity provision of the Workers’ Compensation Act should not be a bar to a common law action by the employee against such employer for injuries sustained in the course of his employment. While acting in the single capacity as an employer and while subscribing to the Workers’ Compensation Act, the employer cannot be liable to the employee for injuries sustained in the course of his employment. However, a third-party action by an employee for injuries sustained in the course of his employment is not directed at the employer in his capacity as an employer when the employer wears the second hat; rather, it is directed and imposed upon the employer in his capacity as the assignee of liability of a third-party tortfeasor.
I agree with that portion of the majority opinion that discusses the history and purpose of the Workers’ Compensation Act. However, I disagree that “it [the Act] was provided that these benefits are made available in derogation of the employee’s rights at common law.” It is my opinion that the Act removed any common law causes of action the employee may have against his employer, so long as the employer is acting in his capacity as employer. There can be no good reason for us to assume that the Act replaced any common law cause of action an employee may have against his employer when the employer is acting in a capacity separate, distinct and apart from that of an employer. Nothing can be found in the legislative intent or history of the Act or in case law that would lead us to believe the Act was intended to protect the employer from any and all liabilities that he may assume by way of contract with a third party. By the very nature of this type of third-party contract, the assets as well as the liabilities attendant to such a contract are for the sole benefit of the employer. The employee is in no way benefited by such a contract; likewise, the employee should suffer no loss as a result of such a contract. The law is clear, and the majority opinion agrees, that an injured employee may sue a third-party tortfeasor whose negligence was a cause of his injuries. Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp.1985).
The record in this case reveals that in 1965 Sinclair Refining Company made revisions to a crude distillation unit, said revisions requiring a change of certain piping *417 from carbon steel to chrome alloy. Sinclair Refining Company, with knowledge that failure to change to a chrome alloy would create extreme danger to personnel working in the unit, ignored the specifications and installed carbon steel pipe rather than chrome alloy. The pipe in question failed, causing the injuries to appellant. The record further shows that Sinclair Refining Company merged into Sinclair Oil Corporation, which then merged with Atlantic Rich-field Company (ARCO).
When Sinclair Refining merged into Sinclair Oil, it did so pursuant to the laws of the state of New York. New York law requires a surviving corporation to assume the liabilities of the dissolved or constituent corporation. N.Y.Bus.Corp.Law § 906(b)(3) (Consol.1963). Further, when Sinclair Oil merged into ARCO, it did so pursuant to the laws of the state of Pennsylvania. Pennsylvania law requires a surviving corporation to assume the liabilities of the dissolved or constituent corporation. Pa.Stat.Ann. tit. XV, § 1907 (Purdon 1985).
At the time of the injury, Atlantic Rich-field Company owned the refinery, and ARCO Petroleum Products Company, a division of Atlantic Richfield Company, operated the refinery. Appellant’s original petition alleges that the appellant was an employee of Atlantic Richfield Company. There was no effort made in the pleadings to differentiate between the two companies: i.e., Atlantic Richfield and ARCO Petroleum Products Company. This distinction could be significant in that both Atlantic Richfield Company and ARCO Petroleum Products Company cannot be the employer of the injured employee. Therefore, it follows that only one of the appellee companies can claim the privilege of immunity under the Workers’ Compensation Act. If for no other reason, this should be sufficient to reverse the trial court’s summary judgment in favor of all appellees. However, I believe there are other, more compelling, reasons for reversing the judgment of the trial court.
In a Plan of Merger dated November 26, 1968, Atlantic Richfield Company purchased and merged with Sinclair Oil Corporation, with Atlantic Richfield Company being the “surviving corporation.” Article 3.1 of the Plan of Merger contains the following:
On the Effective Date of the merger provided for in this Plan, the separate existence of Sinclair shall cease, except to the extent, if any, continued by statute. All the property, real, personal and mixed, and franchises of each of the Constituent Corporations and all debts due on whatever account to either of them, including subscriptions to shares, other causes of action, and every other asset belonging to either of them, shall be taken and deemed to be transferred to and vested in the Surviving Corporation without further act or deed. The Surviving Corporation shall be responsible for all the liabilities and obligations of the Constituent Corporations; but the liabilities of the Constituent Corporations or their shareholders, directors, or officers shall not be effected by this merger, nor shall the rights of the creditors thereof or of any person dealing with such corporations, or any liens upon the property of such corporation be impaired by this merger, and any claim existing or action or proceeding pending by or against either of such corporations may be prosecuted to judgment as if this merger had not taken place, or the Surviving Corporation may be proceeded against or substituted in place of Sinclair (emphasis added).
The Texas Workers’ Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, § 3(d) (Vernon Supp.1985), provides as follows:
If an action for damages on account of injury to or death of an employee of a subscriber is brought by such employee, or by the representatives or beneficiaries of such deceased employee, or by the association for the joint use and benefit of itself and such employee or such representatives or beneficiaries, against a person other than the subscriber, as provided in Section 6a, Article 8307, Revised Civil Statutes of Texas, 1925, and if such *418 action results in a judgment against such other person, or results in a settlement by such other person, the subscriber, his agent, servant or employee, shall have no liability to reimburse or hold such other person harmless on such judgment or settlement, nor shall the subscriber, his agent, servant or employee, have any tort or contract liability for damages to such other person because of such judgment or settlement, in the absence of a written agreement expressly assuming such liability, executed by the subscriber prior to such injury or death (emphasis added).
The provisions of Article 8306, § 3(d), have recently been upheld in American Petrofina, Inc. v. Dorchester Gas Corp., 685 S.W.2d 723 (Tex.App.—Dallas 1985, writ granted). The facts of the American Pe-trofina case are very close to the facts in the case at bar. American Petrofina (Fina) sold its refinery to Dorchester Gas Corporation (Dorchester), and the contract of sale included the following provision: “[Dorchester] shall indemnify, defend and hold harmless [Fina] against all claims, actions, demands, losses or liabilities arising from the use or operation of the Proper-ties_” Don Rhea, an employee of Dor-chester, was injured by hot oil escaping from a defective pipe. Rhea sued Fina, alleging a negligent sale of defective property and breach of contract for which Rhea was a third-party beneficiary. The trial court denied Fina’s motion to join Dorches-ter as a party defendant, and Fina subsequently settled the lawsuit for $300,000.00. Fina then filed suit against Dorchester for indemnification, and the trial court granted summary judgment in favor of Dorchester. The Court of Appeals of Dallas reversed and rendered judgment for Fina. That court held that although Dorchester was a subscriber to the Texas Workers’ Compensation Act, and although Rhea was an employee of Dorchester and had been paid by the workers’ compensation carriers, Dor-chester nonetheless contractually assumed the liabilities of Fina. The court reasoned that the only hurdle to be cleared in determining Dorchester’s liability was a determination of whether Dorchester’s obligation of indemnity was expressed in clear and unequivocable terms. The court cited Eastman Kodak Co. v. Exxon Corp., 603 S.W.2d 208 (Tex.1980), stating:
Agreements in which one person clearly undertakes to indemnify another against liability for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality was not a true exception to the general rule.
American Petrofina, 685 S.W.2d at 726. The court found that in reality it was only an application of the general rule that when indemnity is clearly expressed with reference to a specific premises or instrumentality, the indemnitor knows full well that he is assuming responsibility for all losses in connection with those particular premises, regardless of whose negligence may cause the loss. The court then found “no merit in Dorchester’s contention that, as a subscriber to the Workers’ Compensation Act, it had no liability under the indemnity clause for Rhea’s injury in the course or scope of his employment.” In fact, the right of a cause of action for indemnity and contribution based upon a written agreement involving injuries to an employee of an employer whose is a subscriber existed before the 1963 amendment to the Workers’ Compensation Act. Ealand v. Gulf, Colorado & Santa Fe Railway, 411 S.W.2d 591 (Tex.Civ.App.—Beaumont 1967, no writ). Where the third-party tortfeasor as an entity is still in existence and has not been dissolved, Texas courts have had no problem awarding indemnification against subscriber employers for injuries sustained by employees in the course and scope of their employment when there existed a separate contractual provision agreeing to indemnity and/or assumption of liability. See Petroleum Exploration and Operating Corp. v. J. W. McCutchen Drilling Co., 593 S.W.2d 831 (Tex.Civ.App.-Fort Worth 1980, writ ref’d n.r.e.); Koninklyke Nederlandsche Stoomboot Maalschappy, N.V., Royal Netherlands Steamship Co. v. Strachan Shipping Co., 301 F.2d 741 (5th Cir. *419 1962), cert. denied, 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230. Further, the First Court of Appeals in Houston Lighting & Power Co. v. Eller Outdoor Advertising Co. of Texas, 635 S.W.2d 133 (Tex.App.-Houston [1st Dist.] 1982, writ ref’d n.r.e.), in discussing indemnity by contractual agreement, stated that: “Such actions are based upon contract, and therefore, are not actions for damages ‘on account of’ injury to or death of the subscriber’s employee.”
It appears clear that Texas law provides for an employee to maintain a cause of action for injuries sustained in the course of employment against a third-party tort-feasor. It further appears clear in Texas law that the third-party tortfeasor can seek and obtain recovery of any liability from an employer who has contractually agreed to same, notwithstanding the fact that he is a subscriber to the Workers’ Compensation Act. It is not logical, therefore, to say that the injured employee has a separate cause of action against a third-party tortfeasor, such as Fina, who sold its refinery to Dor-chester, and at the same time say that, in a situation such as the case at bar where ARCO merged with Sinclair- rather than purchasing Sinclair, the cause of action to the injured employee is lost. Why should the cause of action by the employee be preserved by sale of the plant but lost by merger?
Put another way, why can a subscribing employer who has merged with the prior owner of the premises be protected by the Workers’ Compensation Act when an employer who purchases the premises rather than the corporation stock cannot claim such immunity? Further, if a third-party tortfeasor has no right to immunity under the Workers’ Compensation Act, why should an employer who stands in the shoes of the third-party tortfeasor be so protected?
Following Texas law as discussed above, Davis would not have lost his cause of action against Sinclair, et al., in the event ARCO had merely purchased the refinery as opposed to purchasing the stock. However, pursuant to the Texas Business Corporations Act, a cause of action against any corporation may be prosecuted as if a merger never took place; further, the survivor corporation may be substituted in place of the non-existing corporation. When a merger or consolidation of domestic corporations has been effected:
Such surviving or new corporation shall thenceforth be responsible and liable for all liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporations shall be impaired by such merger or consolidation.
Tex.Bus.Corp.Act.Ann. art. 5.06A(5) (Vernon 1980). It is clear that Texas law does not intend to let an injured party be deprived of a cause of action merely because two corporations have merged.
The majority opinion contends that the Texas courts have rejected the “dual capacity” doctrine and cite as authority Cohn v. Spinks Industries, Inc., 602 S.W.2d 102 (Tex.Civ.App.—Dallas 1980, writ ref’d n.r.e.), and Reed Tool Co. v. Copelin, 610 S.W.2d 736 (Tex.1980). However, both of those cases are inapposite. In both cases claims were brought by the wife of an employee, one for loss of consortium and one for strict liability due to the employee’s injury caused by a helicopter leased by the employer. Both cases attempt to hold the employer liable in his capacity as an employer. Neither case deals with separate contractual liability by which the employer voluntarily placed himself outside of the Workers’ Compensation Act.
The “dual persona” or “dual capacity” doctrine has been held valid in other jurisdictions, notwithstanding the Workers’ Compensation Act. Other jurisdictions have recognized the dual capacity doctrine and have applied that doctrine to those special situations where it is not used for *420 the purpose of evading the exclusive remedy provision of a Workers’ Compensation Act, but is used to preserve the injured employee’s cause of action where the original third-party tortfeasor does not exist due to a merger with a corporation that is now the injured party’s employer. In these limited situations, the employer-employee relationship is not involved because the employer is acting as a-second persona totally unrelated to his status as an employer, and the position of that second persona is one that confers voluntary contractual obligations and liabilities on the employer solely independent of any other obligations. The New York courts have held that the exclusivity provisions of the Workers’ Compensation Law do not bar a common-law action against an employer for injuries sustained by an employee in the course of his employment where the employer’s liability is alleged to have arisen solely from its independent assumption, by contract or operation of law, of obligations and liabilities of a third-party tortfeasor. Billy v. Consolidated Machine Tool Corp., 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879 (1980). The Billy court further allowed the employee to maintain a common-law cause of action against the employer who, through mergers, had acquired companies responsible for design and manufacturing defects which were proximate causes of his injuries. However, the Billy court refused to apply the “dual capacity” doctrine against the employer in its capacity as property owner or participant in the manufacturing or designing of defective equipment because it would be fundamentally unsound to circumvent the exclusivity provisions of the workers’ compensation laws.
Prior to 1980, the New York courts, like Texas, adhered strictly to the basic rule that an employee who was injured in the course of his employment had as his sole remedy against his employer the provisions of the Workers’ Compensation law. Prior to the Billy case, the New York courts had not been faced with a situation like the case at bar, where the employer’s liability arose solely from its independent contractual assumption of the obligations and liabilities of a third-party tortfeasor. However, after having examined all of the prior New York case law as well as that state’s firmly rooted policies underlying its compensation law, the court concluded that, “in such situations, the exclusivity provisions of that statute do not bar a common-law action against the employer for injuries sustained by an employee in the course of his employment.” Billy v. Consolidated Machine Tool Corp., 432 N.Y.S.2d at 881, 412 N.E.2d at 936-37 (emphasis added).
The same fact situation was presented to the Wisconsin courts in Schweiner v. Hartford Accident & Indemnity Co., 120 Wis.2d 344, 354 N.W.2d 767 (Ct.App.1984). The Wisconsin court, like Texas and New York, had as a general rule the “exclusive remedy” principle with regard to work-related injuries. The Wisconsin courts looked only to the relationship of the injured party to the negligent party, and if the injured party was the employee of the negligent party, then the only remedy was pursuant to the workers’ compensation laws. However, with the Schweiner case, the Wisconsin court determined first if the pre-existing corporation would have been liable for the employee's injuries as a third-party, but for the merger into employer’s corporation. The answer was yes. The Wisconsin court then looked to its laws of merger, which are very similar to the sections of the Texas Business Corporations Act concerning mergers. Under Wisconsin statutes, when a merger or a consolidation has been affected:
Such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place.
Wis.Stat.Ann. § 180.67(5) (West 1957). In discussing the logic of holding a surviving corporation responsible for the liabilities of *421 the corporations merged or consolidated, the Wisconsin court looked to other jurisdictions and cited Delaware and Illinois courts. Schweiner, 354 N.W.2d at 771.
The Illinois courts, in Board of Education v. Herzog Building Corp., 41 Ill.App.2d 44, 190 N.E.2d 152 (1963), held that “[I]t would be a travesty on justice and pervert the intent of the statute if a corporation could rid itself of its obligations by merging with another corporation_” Further, the Schweiner court, in discussing a previous case dealing with the underlying policy issues of the responsibilities of surviving corporations, observed the following:
When a corporation is purchased by a second corporation, the first disappears as a legal entity and, consequently, cannot be sued. The policy behind imposing liability on the purchasing corporation is based on thé rationale that no corporation should be permitted to place into the stream of commerce a defective product and avoid liability through corporate transformations or changes in form only.
Schweiner, 354 N.W.2d at 771 (cite omitted). The Wisconsin court concluded the Schweiner opinion by adopting the “dual persona” principle and held that “the legislature never intended the Workers’ Compensation Act to immunize the employer from liability for obligations arising from a source other than its role as an employer.” Id. 354 N.W.2d at 773.
The state of Kansas in Kimzey v. Interpace Corp., 10 Kan.App.2d 165, 694 P.2d 907 (1985), has also adopted the doctrine of “dual capacity.” Again, in a fact situation exactly like the facts in the case at bar, the proximate cause of the injuries to the employee was the negligence of a pre-existing corporation that had merged with the employee’s employer. Also like Texas, Kansas has the same provisions of the Workers’ Compensation Act and had previously held that an injured employee’s sole recovery against his employer for on-the-job injuries was that provided by the Workers’ Compensation Act. However, in Kimzey, the Kansas court, like New York, Illinois and Wisconsin, took a closer look at the liability of the employer under this special fact situation where the employer contractually assumes the liabilities of a third-party tortfeasor. The Kansas courts previously had rejected the dual capacity doctrine as it applied to products liability in cases where the employer manufactured, distributed or installed a particular defective product; however, they concluded that it was time to recognize the liability of the employer who stands in the shoes of a third-party tortfeasor. The Kimzey court reasoned that since the consolidated corporation had no basis to invoke the exclusivity provision of the Workers’ Compensation Act against the injured employee, the employer, as a surviving corporation standing in the shoes of the third-party tortfeasor, was also precluded from invoking the exclusivity rule.
Perhaps the leading authority in this area of law is the encyclopedist Arthur Larson, who gave the “dual persona” doctrine its title. Professor Larson explained:
An employer may become a third-person tortfeasor, vulnerable to tort suit by an employee, if — and only if — he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.
2A A. Larson, Workmen’s Compensation Law § 72.80 (1983). It appears to this writer that the main issue to be addressed is not how separate or different the second capacity of the corporation is from the first, but whether or not the second capacity would generate any obligation or liability that is totally unrelated to those flowing from the first capacity as that of the employer. The mere fact that the employer may also have a second role, capacity or persona in and of itself should not be a sufficient basis for liability. However, when the employer expressly, in writing, contractually assumes the liability of — and steps into the shoes of — a third-party tort-feasor, there then exists a duality or separate and distinct legal persona. Without disturbing the deep-rooted principles and *422 purposes of the Texas Workers’ Compensation Act, the second persona can and should be liable to the employee for job-related injuries.
For all the reasons set forth above, I would reverse the judgment of the trial court and reinstate appellant’s cause of action against all appellees.