IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2012

## KEITH J. ALLEN v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court of Johnson County**
**No. 5657     Lynn W. Brown, Judge**

_____

**No. E2012-00456-CCA-R3-HC - Filed September 5, 2012**

_____

Keith J. Allen ("the Petitioner") filed a petition for writ of habeas corpus, alleging that the sentence on his first degree felony murder conviction is illegal, and, therefore, his judgment of conviction is void. The habeas corpus court dismissed his petition without a hearing. The Petitioner now appeals, arguing that the trial court lacked authority to impose a life sentence for his conviction. After a thorough review of the record and the applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P. J., and ALAN E. GLENN, J., joined.

Keith J. Allen, pro se, Mountain City, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

A Shelby County jury convicted the Petitioner of first degree felony murder, and the Petitioner received a sentence of life imprisonment. The Petitioner appealed his conviction, and this court affirmed the judgment of the trial court. State v. Keith J. Allen, No. 02-C-01-9307-CR00166, 1994 WL 456345, at *1 (Tenn. Crim. App. Aug. 24, 1994). The Petitioner later filed for post-conviction relief, claiming that his trial counsel was ineffective. The post-conviction court denied the Petitioner relief, and this Court affirmed that decision. Keith J.

Allen v. State, No. W1999-01522-CCA-R3-PC, 2001 WL 55638, at *2 (Tenn. Crim. App. Jan. 23, 2001), perm. app. denied, (Tenn. 2001).

On April 9, 2010, the Petitioner filed for habeas corpus relief. On May 11, 2010, the State moved to dismiss the petition. In response, the Petitioner moved to strike the State's motion. On February 22, 2012, the habeas corpus court dismissed the Petitioner's petition without a hearing, and the Petitioner timely filed a notice of appeal. On appeal, the Petitioner asserts that the habeas corpus court erred in summarily dismissing the Petitioner's habeas corpus petition. The Petitioner also claims that the trial court lacked authority to impose a life sentence.

## Analysis

The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, statutes have governed this right for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 et seq. (Supp. 2009) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner first asserts that the habeas corpus court erred in summarily dismissing the Petitioner's habeas corpus petition. A habeas corpus court may dismiss a petition without affording the petitioner a hearing "if the petition fails to establish that the challenged judgment is void." Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005) (citing Tenn. Code Ann. § 29-21-109 (2000)).

Thus, we must look to the substance of the Petitioner's claim, which is that the sentence for his first degree felony murder conviction is illegal. An illegal sentence may be grounds for habeas corpus relief. See Cantrell v. Easterling, 346 S.W.3d 445, 453 (Tenn. 2011) (citing Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005)). "An illegal sentence is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity,'" or one which is "not authorized under the applicable statutory scheme." Id. at 452 (quoting State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)).

The Petitioner contends that his life sentence is illegal because Class A felonies have a sentence range with a maximum sentence of sixty years. He also argues that his life sentence is outside the confines of the 1989 Sentencing Act which requires that his sentence be "determinate." See Tenn. Code Ann. § 40-35-211(1) (1990).[1] Both of the Petitioner's contentions are without merit.

We first turn to the Petitioner's assertion that a life sentence was not an available sentence for a Class A felony. The Petitioner is misguided in this argument because a first degree felony murder conviction is not a Class A felony. See Leslie L. Coleman v. Jim Morrow, No. E2010-02299-CCA-R3-HC, 2011 WL 3667724, at *2 (Tenn. Crim. App. Aug. 22, 2011), perm. app. denied, (Tenn. 2011) ("First degree murder, including felony murder, is not now and was not then a Class A felony. It was, and remains, in a class by itself, an offense classified even higher than a Class A felony.") Rather, the 1989 Sentencing Act provided that the punishment for first degree felony murder was "punishment by death or by imprisonment for life." Tenn. Code Ann. § 39-13-202(b) (1991); see Tenn. Code Ann. § 40-35-118(a)-(b) (1989). Accordingly, the trial court did not err in sentencing the Petitioner to life imprisonment, a sentence authorized by statute for a conviction of first degree felony murder.

We next examine the Petitioner's second contention that a sentence of life imprisonment is not permitted under the 1989 Sentencing Act because it is not a "determinate" sentence. Tennessee Code Annotated section 40-35-211(1990) states:

---

[1] According to State v. Keith J. Allen, 1994 WL 456345, at *1, the Petitioner committed the offense in 1992.

In fixing a sentence for a felony or misdemeanor, the court shall impose a specific sentence length for each offense:

> (1) Specific sentences for a felony shall be for a term of years or months or life, if the defendant is sentenced to the department of correction . . . . There are no indeterminate sentences. Sentences for all felonies and misdemeanors are determinate in nature . . . .

Thus, the statute by its own terms defines a "determinate" sentence as one that is "for a term of years or months or life." Id.; see also Gwinn v. State, 593 S.W.2d 832, 835 (Tenn. Crim. App. 1979) (stating that a "determinate" sentence may be a term of "life or some period of time"). Accordingly, life imprisonment clearly qualifies as a determinate sentence within the meaning of the statute. Therefore, the habeas corpus court did not err in dismissing the Petitioner's claim.

## CONCLUSION

In summary, the Petitioner has not presented any claim which entitles him to habeas corpus relief. Accordingly, we affirm the habeas corpus court's order dismissing the Petitioner's claim for relief.

_____
JEFFREY S. BIVINS, JUDGE