## Green v. Sun Oil Company of Pennsylvania

*Raymond M. Victor*, for plaintiff.
*Lowell A. Reed, Jr.*, for defendants.

McCRUDDEN, *J.*, November 4, 1977—The matter before the court is defendants' motion for summary judgment. Viewed in the light most favorable to plaintiff, the pertinent facts are as follows:

On December 27, 1943, plaintiff, Robert B. Green, began working for Sun Oil Company, a New

Jersey Corporation (hereinafter called Sun of N.J.). On October 1, 1971, Sun of N.J. merged into Sun Oil Company of Pennsylvania (hereinafter called Sun of Pa.). As a result of the merger, plaintiff automatically became an employe of Sun of Pa. on October 1, 1971.

Plaintiff continued to be employed by Sun of Pa. until March 17, 1974, when he was injured in the normal course of his employment. As a result of said injuries, plaintiff was tendered and accepted total disability benefits pursuant to the provisions of the Pennsylvania Workmen's Compensation Act. Plaintiff then brought this tort action against the above-captioned defendants.

Clearly, the motion for summary judgment should be granted as to the first defendant, Sun of Pa., sued individually and in its own right. Section 303 of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, on the date of plaintiff's injury, 77 P.S. §481, provided as follows:

"Section 303. Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided, in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife or husband, widow or widower, next of kin, and other dependents.

The second defendant sued by plaintiff is Sun of N.J. individually and in its own right. The motion

for summary judgment should be granted as to this defendant since Sun of N.J. ceased to exist as a legal entity on October 1, 1971, the effective date of the merger.

The remaining defendant against whom plaintiff has brought this action is Sun of Pa., as successor by merger to Sun of N.J. Plaintiff now attempts to hold his employer liable in tort for his injuries; not in its own right (i.e., as his employer) but as successor in interest to his previous employer, Sun of N.J.

This court recognizes that where a merger has occurred a successor corporation may be held liable for the tortious acts of its predecessor: Bouton v. Litton Industries, Inc., 423 F. 2d 643 (3d Cir. 1970); Knapp v. North American Rockwell Corporation, 506 F. 2d 361 (3d Cir. 1974); Thomas v. E. J. Korvette, Inc., 329 F. Supp. 1163 (E.D. Pa. 1971). In each of these cases plaintiff was not an employe of either the predecessor or successor corporation, but instead had a third party relationship with both. This line of cases is inapposite to the case at hand for one critical reason—neither the successor corporation nor the predecessor corporation were employers of plaintiff whereas here both were his employers.

Inasmuch as Sun of Pa., by merger effective October 1, 1971, assumed the assets and liabilities of Sun of N.J., it follows that it also assumed the immunity from common law liability in a suit instituted by an employe arising out of a work-related injury which Sun of N.J. had enjoyed pursuant to the Pennsylvania Workmen's Compensation Act.

Plaintiff admits that his only action for his employment-related injuries lies against a third party. He presents the technical argument that Sun of Pa., as successor by merger to Sun of N.J., is a

242

third party separate and distinct from plaintiff's employer, Sun of Pa., as it exists in its own right. This court refuses to recognize this distinction.

The policy of this State is to prevent technical assaults on the exclusive remedy defense of section 303 which plaintiff is attempting here: Hamler v. Waldron, 445 Pa. 262, 284 A. 2d 725 (1971); Steets v. Sovereign Const. Co., 413 Pa. 458, 198 A. 2d 590 (1964); Scott v. C. E. Powell Coal Co., 402 Pa. 73, 166 A. 2d 31 (1960); Hyzy v. Pittsburgh Coal Co., 384 Pa. 316, 121 A. 2d 85 (1956); Evans v. Allentown Portland Cement Co., 433 Pa. 595, 252 A. 2d 646 (1969); Lengyel v. Bohrer, 372 Pa. 531, 94 A. 2d 753 (1953).

Had the aforementioned merger never occurred Sun of N.J. would have been plaintiff's employer when he was injured. The fact that Sun of N.J. merged into Sun of Pa. does not change plaintiff's right to recover for his injuries.

Accordingly, the motion for summary judgment is granted in favor of all the defendants.

## ORDER

And now, November 4, 1977, upon consideration of the motion for summary judgment filed by defendants, Sun Oil Company of Pennsylvania on its behalf, and by Sun Oil Company of Pennsylvania as successor by merger to Sun Oil Company, a New Jersey corporation, and by Sun Oil Company a New Jersey corporation, and plaintiff's answer thereto, it is hereby ordered that the motion for summary judgment is granted.