459 So.2d 1156 (1984)
Ralph E. ROBERSON and Imogene V. Roberson, Husband and Wife, Appellants,
v.
NOOTER CORPORATION, et al., Appellees.
No. AX-255.
District Court of Appeal of Florida, First District.
November 28, 1984.
David A. Simpson of Smith, Grimsley, Remington, Kessler & Simpson, Fort Walton Beach, and Harry M. Philo of Philo, Atkinson, Steinberg, Walker & White, Detroit, Mich., for appellants.
William H. Clark of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellee Monsanto Textiles Company.
JOANOS, Judge.
This appeal is from the trial court's dismissal of Roberson's complaint against Monsanto Textiles Company (Monsanto) based upon a finding that Roberson's exclusive remedy is under Chapter 440, Florida Statutes. We agree and affirm.
In an amended complaint, Roberson alleged injuries and damages suffered as a result of an explosion of a continuous polymerization finisher # 22 (CP22) which he was inspecting in the course of his employment with Monsanto. Monsanto moved to dismiss the complaint, citing its obligation to provide workers' compensation benefits, its compliance with the obligation and its immunity from suit under Chapter 440.
Roberson argues that Monsanto is liable as a parent company of Chemstrand, a subsidiary or separate entity which installed the CP22 in 1957 and subsequently merged with Monsanto. Roberson cites Gulfstream Land & Development Corp. v. Wilkerson, 420 So.2d 587 (Fla. 1982), to show the viability of his theory of parent company liability. We are unable to find any allegation of a parent and subsidiary relationship at the time of Roberson's injury which would allow recovery as in Wilkerson. Absent such a relationship, Monsanto's liability as Roberson's employer at the time of his industrial accident would be limited to that imposed under Chapter 440.
*1157 Roberson advances a theory of "dual-capacity" which has been recognized most notably in Douglas v. Gallo Winery, 9 Cal. App.3d 103, 137 Cal. Rptr. 797 (Cal. App. 1977). Under this theory an employee who is injured by a product manufactured by the employer primarily for sale to the general public may state a cause of action against the employer. The dual capacity theory is based upon the manufacturer's assuming a liability toward its employee as it would assume toward the general public who buys the product and for whom the product is primarily manufactured. Even the California courts, however, have upheld the exclusive remedy of workers' compensation when the employer manufactures a product for its own use. Shook v. Jacuzzi, 59 Cal. App.3d 978, 129 Cal. Rptr. 496 (1st Dist. 1976). The Florida courts have yet to express whether the "dual capacity" theory would extend the employer's liability beyond Chap. 440.
We need not determine the viability of the "dual capacity" theory as we find it would not be applicable where, as here, the employer, Monsanto, did not manufacture the CP22 primarily for sale to the general public and did not only incidentally use it in its other activities. Douglas, 63 Cal. App. at 113, 137 Cal. Rptr. 797.
Accordingly, the trial court's dismissal of Monsanto from this cause is AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.