(694 P.2d 907)
No. 56,414

David M. Kimzey, *Appellant,* v. Interpace Corporation, Inc., *Appellee.*

Opinion filed February 7, 1985.

*Lloyd Burke Bronston* and *Dan L. Smith,* of Bronston and Smith, of Overland Park, for the appellant.

*Richmond M. Enochs* and *James L. Sanders,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellee.

Before Abbott, P.J., C. Fred Lorentz, District Judge, assigned; and Harry G. Miller, District Judge Retired, assigned.

Mller, J.: David Kimzey, plaintiff, has appealed the order of the trial court granting summary judgment to the defendant Interpace Corporation, Inc., plaintiff's employer, in a products liability action.

On or about April 11, 1980, while operating a pyramid roll machine in the course of his employment, plaintiff received an injury to his foot and leg. The machine was designed, manufactured and distributed by the Lock Joint Pipe Co., Inc., (Lock Joint) prior to a corporate merger in 1962.

In September, 1962, Lock Joint was dissolved and merged into another corporation which later merged into the defendant Interpace Corporation. As a part of the merger agreement, Interpace contracted to assume "all debts, liabilities, restrictions, duties and obligations" of Lock Joint.

After receiving workers' compensation benefits from his em-

ployer's insurance carrier, plaintiff brought the present action against his employer, claiming that he was injured due to the negligence, design defect and breach of warranty by Lock Joint in the design and manufacture of the roll machine, and that Interpace, as corporate successor to Lock Joint, was liable by reason of its agreement to assume Lock Joint's liability for product defects and negligence.

The defendant's motion for summary judgment was sustained on the ground that plaintiff's exclusive remedy against his employer was under the Workmen's Compensation Act.

The policy and purpose of workers' compensation acts is to provide a swift and sure source of benefits to the employee for injuries arising out of and in the course of his employment, and to shift from the employee to the industry the burdens incidental to modern industrial operations. *Duncan v. Perry Packing Co.*, 162 Kan. 79, 174 P.2d 78 (1946).

Under such acts, the employee is required to relinquish his right to sue for damages sustained in job-related injuries, and the employer is required to accept a no-fault liability for a measure of damages prescribed by statute. In effect, a form of strict liability is imposed upon the employer to pay for industrial accidents.

The exclusive remedy provision of the Kansas Workmen's Compensation Act states:

"If in any employment to which the workmen's compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, his or her employer shall be liable to pay compensation to the employee in accordance with the provisions of the workmen's compensation act. . . . *Except as provided in the workmen's compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder* nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workmen's compensation is payable by such employer." K.S.A. 44-501.

Under this statute, the well-established rule is that if an employee recovers benefits under the Workmen's Compensation Act, he cannot maintain a common law negligence action against his employer for damages. *Zehring v. Wickham*, 232 Kan. 704, 658 P.2d 1004 (1983); *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312, 564 P.2d 521 (1977).

The act has been liberally construed "to bring workers under the act whether or not it is desirable for the specific individual's

circumstances." *Mays v. Ciba-Geigy Corp.*, 233 Kan. 38, 65, 661 P.2d 348 (1983).

If, however, the worker's injuries for which compensation is payable were caused by the negligence of a third person not in the same employ as the injured worker, the worker is not precluded from accepting the compensation and also pursuing a cause of action against the third person. K.S.A. 1983 Supp. 44-504(a); *Houk v. Arrow Drilling Co.*, 201 Kan. 81, 439 P.2d 146 (1968); *Zehring v. Wickham*, 232 Kan. 704.

This kind of third party liability provision has prompted considerable discussion in the law as to whether there are ever any circumstances under which an employer may be sued by an injured employee as a third-party tortfeasor, 2A Larson's Workmen's Compensation Law § 72.81 (1983), and it has given rise to the so-called dual capacity doctrine under which plaintiff asserts liability in this case.

According to the dual capacity doctrine, an employer who is generally immune from tort liability to an employee injured in a work-related accident may become liable to his employee as a third-party tortfeasor if he occupies, in addition to his capacity as an employer, a second capacity that confers upon him obligations independent of those imposed upon him as an employer. It is in this second capacity that liability to an employee may be imposed.

In *Weber v. Armco, Inc.*, 663 P.2d 1221 (Okla. 1983), the Oklahoma Supreme Court discussed in some detail the appropriate application of the dual capacity doctrine. Relying on the reasoning of Professor Arthur Larson, the nation's leading authority on the subject, the court stated:

"This concept of duality, which confers third party status upon the employer, is more meaningful when viewed in terms of an employer having a dual persona. An employer may become a third person if he possesses a second persona so completely independent from and unrelated to his status as an employer, that by established standards, the law recognizes it as a separate legal person." 663 P.2d at 1225.

The court, in accordance with the great weight of authority in this country, rejected application of the dual capacity doctrine under a products liability theory in cases where the employer manufactures, distributes or installs a product used in the employee's work on the ground that the employer's duty to provide

a safe workplace for its employee and its duty as a manufacturer to make a safe product are so inextricably intertwined that it cannot logically be separated into two distinct legal persons.

Professor Larson has criticized the dual capacity doctrine, noting that the term "capacity" has no fixed legal meaning and that it is not uncommon for an employer to occupy many capacities simultaneously, such as landowner, products manufacturer, vendor, repairman, and lessor, among others. He concedes, however, that there are exceptional situations in which the concept may legitimately be employed as, for example, a trustee-owner of a business, or a one-man corporation, where immunity is not conferred upon the individual for torts he commits upon the employees of the business. 2A Larson's Workmen's Compensation Law § 72.81. See also *Duprey v. Shane*, 39 Cal.2d 781, 249 P.2d 8 (1952).

If the roll machine involved in this case had been manufactured by defendant Interpace, it is clear that workers' compensation would be plaintiff's exclusive remedy. Annot., 66 A.L.R. 3rd 824; Annot., 9 A.L.R. 4th 873; 2A Larson's Workmen's Compensation Law § 72.83.

If Lock Joint were a separate corporation still in existence, it is equally clear that plaintiff could maintain an action against Lock Joint as a third-party tortfeasor, and the employer would be subrogated to the extent of the compensation it provided. K.S.A. 1983 Supp. 44-504(a), (b). The problem is that Interpace, the successor corporation, fits neither category.

Plaintiff argues that defendant's liability in this case does not arise out of the employment relationship or because of any negligence or fault on the part of defendant. Rather, its liability as successor corporation is premised on the tortious conduct of Lock Joint, a third party. Thus, he argues, the exclusivity provision of the Workmen's Compensation Act does not bar an action against Interpace, who has contractually assumed the obligations and liabilities of a third-party tortfeasor. The issue is one of first impression in this state.

The leading case on this question is *Billy v. Consolidated Mach.*, 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980). The essential facts are closely similar. The deceased worker's widow collected compensation death benefits and then instituted a common law action against her deceased husband's

employer. The action was based upon the design and manufacture of a defective machine by a prior corporation which had been acquired by the succeeding corporate employer through a series of consolidations and mergers.

As a part of the merger, the defendant corporation contracted to assume the liabilities and obligations of the predecessor corporations, including those of the corporation that had designed and manufactured the defective machine. The defendant employer argued that it was immune from the action because of the exclusivity provisions of the New York workers' compensation law.

The court discussed at some length the dual capacity doctrine and its proper application and, in a well-reasoned opinion, held that where the employer's liability is alleged to arise solely by reason of its independent assumption, by contract or operation of law, of the obligations of a third-party tortfeasor, the exclusivity provisions of the workers' compensation law do not bar a common law action by an employee against his employer for injuries sustained in the course of his employment. *Billy v. Consolidated Mach.*, 51 N.Y. 2d at 156.

Defendant contends, however, that our Supreme Court has consistently held on numerous occasions that where an employee is injured and the Workmen's Compensation Act applies, the remedies provided thereunder are exclusive. Defendant further maintains that the Act does not exempt any theories of recovery from its exclusivity provision, and therefore an employee who has received benefits under the act may not maintain an action against his employer on any other theory.

Undeniably, our Supreme Court has consistently upheld the exclusivity provision of the Act. *Zehring v. Wickham*, 232 Kan. 704; *Yocum v. Phillips Petroleum Co.*, 228 Kan. 216, 612 P.2d 649 (1980); *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312; *Bright v. Bragg*, 175 Kan. 404, 264 P.2d 494 (1953). But the court in those cases has never been called upon to decide a case in which the employer's liability is alleged to have arisen solely from its independent assumption by contract of the obligations and liabilities of a third-party tortfeasor.

The problem with a rule such as advocated by defendant is that it would cloak the employer with absolute immunity from liability under any theory to an injured employee who is eligible

for or has received workers' compensation even though the liability asserted arises outside the employment relationship. As we have previously noted, there are exceptional circumstances under which application of the dual capacity doctrine is appropriate.

The doctrine should not be used for the purpose of simply evading the exclusivity provision of the Workmen's Compensation Act. When properly applied, it will be limited to those exceptional situations where the employer-employee relationship is not involved because the employer is acting as a second persona unrelated to his status as an employer, that confers upon him obligations independent of those imposed upon him as an employer. As such, it will not defeat the purposes or policies of the act. Nor, in our view, will it erode the employer's immunity under the exclusivity provision of the act where the claim of liability is properly within the purview of the act. *Wright v. United States*, 717 F.2d 254 (6th Cir. 1983); *Handley v. Wyandotte Chem.*, 118 Mich.App. 423, 325 N.W.2d 447 (1982).

Plaintiff's action is essentially an attempt to recover from a third-party manufacturer of a defective machine through a suit against its successor corporation. Interpace, the successor corporation, by reason of the merger and its agreement to assume the liabilities of Lock Joint, the third-party manufacturer, stands in the shoes of Lock Joint with respect to the question of liability. Since Lock Joint had no basis to invoke the exclusivity provision of the Workmen's Compensation Act against plaintiff, Interpace is similarly precluded here.

The trial court erred in granting summary judgment to the defendant.

Reversed and remanded.