OPINION
J. CURTISS BROWN, Chief Justice.
Charles Edward Davis (appellant or Davis) appeals from the summary judgment of the trial court granted in favor of appel-lees (Sinclair, Atlantic Richfield or Arco) which denied Davis the right to seek compensation beyond that received under the workers’ compensation laws for injuries sustained while working for Arco. In a single point of error appellant contends the trial court erred in granting appellees’ motion for summary judgment. For the reasons detailed below, we hold the trial court did not err.
In 1965 Sinclair Refining owned a refinery in Pasadena, Texas, and over the next several years made revisions in the refinery’s crude distillation unit. One such revision consisted of installing a new alloy pipe connection to a hot asphalt pump; however, Sinclair used carbon steel for the connection rather than the alloy required by the design. Through a series of mergers in 1968 and 1969, Sinclair Refining merged with Sinclair Oil, which then merged with Arco. After the mergers, Davis was hired by Arco to work in the Pasadena refinery. On September 15, 1983, Davis was instructed to repair a leak in one of the asphalt pump pipes. While he was making the repairs, the steel pipe connection gave way and Davis was covered with hot asphalt from which he sustained severe body burns. As a result of the accident Davis received workers’ compensation benefits from Arco’s insurance carrier. Davis also brought a third party action against Sinclair and Arco for Sinclair’s negligence in installing the carbon steel connection rather than the alloy connection called for in the design. The appellees moved for summary judgment on the grounds that under the workers’ compensation laws, Davis had elected his remedy and accepted benefits and thus had no further right of action against his employer, Arco.
The general rule in Texas is that when an employee is injured in the course of his employment, his sole remedy against his employer lies in his entitlement to recovery under the workers’ compensation statutes. Tex.Rev.Civ.Stat.Ann. art. 8306, § 3 (Vernon Supp.1985). An injured employee may, however, sue a third party tortfeasor whose negligence was a cause of the injuries. Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp.1985).
It is appellant’s position that Arco is liable to him for the injuries sustained because Arco assumed, by contract and operation of law, the obligations and liabilities of a third party tortfeasor, Sinclair Refining. Appellant bases this argument on case law from New York, Wisconsin and Kansas. One such case, Billy v. Consolidated Machine Tool Corp., 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879 (1980), allowed recovery from the employer as the surviving corporation on the grounds that the predecessor corporation never had an employer/employee relationship with the injured party and therefore would not, but for the merger, have had the workers’ compensation laws as a defense in a common law action brought against it by the injured party. Therefore, because the surviving corporation stands in the predecessor’s shoes, it similarly should not be allowed to claim this defense. Id. 432 N.Y.S.2d at *415 885, 51 N.Y.2d at 161, 412 N.E.2d at 940-41. The Court of Appeals of Kansas has also taken this approach. See Kimzey v. Interpace Corp., Inc., 10 Kan.App.2d 165, 694 P.2d 907 (1985).
In the other case cited by appellant, Schweiner v. Hartford Accident & Indemnity Co., 120 Wis.2d 344, 354 N.W.2d 767 (Ct.App.1984), the court adopted the “dual persona” concept in allowing the injured worker to recover from the surviving corporation, a concept based upon the surviving corporation’s responsibilities under the statutory merger scheme as separate from its role as corporate employer under the workers’ compensation laws.
Appellant’s argument is one of first impression in Texas and requires this court to examine the history and purpose behind the Texas workers’ compensation laws.
The Texas Workers’ Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306-8309i (Vernon Supp.1985), evolved as an expression of public policy. The object of the Act is to do away with the common law issues of negligence, unavoidable accident, assumed risk, contributory negligence and other like issues, and to fix the amount recoverable free of any uncertainty. Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675, 676 (1938). It is intended to and does provide an exclusive system governing compensation to employees for injuries arising from their employment. Id. In taking away from the subscribing employer certain defenses and relieving the employee of the burden of proving negligence, it was provided that these benefits are made available in derogation of the employee’s rights at common law. Thus a subscribing employer is exempt from common law liability for injuries arising from the course of employment except for certain exemplary damages in death cases specifically provided for by the Act. See Paradissis v. Royal Indemnity Co., 507 S.W.2d 526 (Tex.1974). The system is nevertheless voluntary and elective upon the decision of both the employer and employee; when the two have elected to participate under the Act, they have voluntarily agreed that the rights and remedies otherwise existing under the common law shall not be operative. Id. at 529.
Appellant insists, however, that he retains a cause of action against Arco because Arco assumed the liabilities of Sinclair Refining under the merger laws of the Texas Business Corporation Act, Tex.Bus. Corp.Act Ann. art. 5.06 (Vernon 1980). This article provides that once two corporations merge, the merging corporation ceases to exist and the surviving corporation shall be responsible for all liabilities and obligations of the merging corporation. This court is of the opinion that the corporate merger statutes were not intended to be used to circumvent the clear public policy expressed in the Workers’ Compensation Act.
We note that the Texas courts have rejected the “dual capacity” doctrine under which an employer normally shielded from tort liability by the exclusive remedy principle may become liable to his own employee if he occupies, in addition to his capacity as employer, a second capacity which generates obligations unrelated to those flowing from the primary capacity as employer. See Cohn v. Spinks Industries, Inc., 602 S.W.2d 102 (Tex.Civ.App.—Dallas 1980, writ ref’d n.r.e.) (workers’ compensation benefits accepted, thus no strict liability cause of action by deceased employee’s spouse allowed even though employer purchased product which caused death for lease to general public rather than for employer’s sole use). This decision and others have reinforced the exclusive remedy principle against the employer under the workers’ compensation laws unless other remedies are expressly provided in the Act. See also Reed Tool Co. v. Copelin, 610 S.W.2d 736 (Tex.1980) (acceptance of workers’ compensation benefits by employee barred wife’s action for negligent impairment of consortium); American Petrofina, Inc. v. Dorchester Gas Corp., 685 S.W.2d 723 (Tex.App.—Dallas 1985, writ granted) (surviving corporation liable for amount paid by predecessor in settlement of personal injury claim by surviving corporation’s em *416 ployee even though workers’ compensation benefits accepted where two corporations had specific indemnity clause in merger agreement).
Appellant elected his remedy against his employer, Arco. He should not be allowed to use his employee status for purposes of claiming benefits under the Workers’ Compensation Act, then attempt to distinguish that status for purposes of invoking the third party tortfeasor exception to the Act. The Act is very clear; once the employee elects to accept benefits from the employer under the Act, he has no further cause of action against the employer.
We hold the trial court did not err in granting appellees’ motion for summary judgment. Appellant’s point of error is overruled and the judgment is affirmed.