ARTHUR J. ROBINSON, Plaintiff-Appellee, v. KFC NATIONAL MAN-
AGEMENT COMPANY, Defendant-Appellant.

First District (4th Division)   No. 86—2452

Opinion filed June 9, 1988.

Tyrrell & Flynn, of Chicago (Marthe C. Purmal and Marcia Cohen, of counsel), for appellant.

Bresler, Brenner & Moltzen and Kaplan, Sorosky & Anderson, both of Chicago (Edward W. Moltzen and Sheldon Brenner, of counsel), for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Arthur Robinson (Robinson) filed suit against KFC National Management Co., Inc. (KFC National), to recover in tort for personal injuries he sustained while employed by KFC National. His injuries were allegedly caused by the malfunction of equipment made by KFC Manufacturing Corp. (KFC Manufacturing). Robinson's complaint was directed against his employer, KFC National, because the maker of the equipment, KFC Manufacturing, merged into KFC National prior to the date of Robinson's injuries.

KFC National moved to dismiss Robinson's complaint on the ground that he had already been awarded his sole remedy of workers' compensation benefits. (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a).) The trial court denied the motion to dismiss but certified as a question of law, which this court allowed by permissive interlocutory appeal (107 Ill. 2d R. 308(a)), the issue of whether an employee in Robinson's position can recover against his employer when the manufacturing corporation has merged with the employer corporation prior to the date of the employee's injuries.

We conclude that the exclusive remedy provision of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a)) does not bar an employee who has accepted workers' compensation benefits from maintaining a tort action against his employer, when the manufacturing corporation, by whom he was never employed, has merged with the employer corporation prior to the time of the employee's injuries.

BACKGROUND

According to the allegations of Robinson's complaint and matters presented in support of KFC National's motion to dismiss, Robinson

was injured in October 1982 by the explosion of a pressure cooker while he was working at a Kentucky Fried Chicken restaurant owned and operated by KFC National. The pressure cooker had been designed, manufactured, distributed, and sold by KFC Manufacturing. KFC Manufacturing merged into KFC National in August 1979. Robinson's complaint requested damages from KFC National, as successor corporation to KFC Manufacturing, based on principles of strict product liability and negligence.

Prior to filing his lawsuit, Robinson filed an application for adjustment of claim with the Illinois Industrial Commission to recover workers' compensation from KFC National relating to the injuries he sustained as a result of the accident. This claim was settled in December 1984. KFC National moved to dismiss Robinson's complaint because he had received these benefits. Following briefing and argument, the trial court denied the motion to dismiss. Finding that denial of the motion to dismiss involved a question of law for which there is a substantial ground for difference of opinion, and that an immediate appeal could materially advance the ultimate termination of the parties' litigation, the trial court certified the following question of law for review:

> "Can an employee maintain a tort action against his employer when the employee was injured by an allegedly defective machine which was manufactured by a corporation that was merged into the employer corporation after the manufacture of the machine but prior to the date of injury so that the employer was the sole existing entity on the date of the occurrence?"

We allowed KFC National's motion for permissive interlocutory appeal to answer this question.

OPINION

KFC National argues that the trial court's certified question should be answered in the negative. It maintains that Robinson's complaint is barred by the exclusive remedy provision of the Workers' Compensation Act and that the exception to this exclusive remedy, the dual persona doctrine, does not apply since KFC National was a "single, legal entity" at the time of the accident. Robinson urges that his complaint falls within the scope of the dual persona exception, because he seeks recovery against KFC National as successor corporation to KFC Manufacturing by virtue of the merger between these two companies. Robinson argues that on this basis, and in light of recent jurisprudence from other States which has allowed recovery under circumstances similar to those presented here, the trial court's

certified question should be answered in the affirmative.

■■ According to section 5(a) of the Illinois Workers' Compensation Act, "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employe, other than the compensation *** provided [in the Act], is available to any employee who is covered by the provisions of this Act ***." (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a).) However, an injured employee may nevertheless recover from his employer where it is shown that the tortious conduct occurred while the "employer *** was *** acting as a separate legal entity." (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 328, 447 N.E.2d 786, 788.) This exception permitting recovery against an employer "acting as a separate legal entity" was first referred to as the "dual capacity doctrine." Because use of the term "dual capacity" created some confusion over the scope of the exception, the Illinois Supreme Court renamed the doctrine to that of "dual personality" in *Sharp v. Gallagher.* In this opinion, the terms "dual entity," "dual persona," and "dual personality" have been used interchangeably and are of identical meaning. See *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 396 N.E.2d 524; *Toth v. Westinghouse Elevator Co.* (1983), 114 Ill. App. 3d 905, 449 N.E.2d 1005; *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512.

In *Sharp v. Gallagher,* the Illinois Supreme Court expressly relied upon the analysis of a leading authority in workers' compensation law, Professor Arthur Larson, to determine that the proper scope of the "dual entity" exception is limited to circumstances where the employer "was *** acting as a separate legal entity," and that the employer's acting as landowner was not such a "separate legal entity." (*Sharp,* 95 Ill. 2d at 328, quoting 2A A. Larson, Workmen's Compensation Law §72.83 (1983); see also *Smith,* 77 Ill. 2d at 318-19, quoting 2A A. Larson, Workmen's Compensation Law §72.80 (1976 & Supp. 1979).) For the sake of analysis, we restate in some detail Professor Larson's observations with respect to the "dual capacity" doctrine, the "dual persona" doctrine, and facts such as those presented here:

> "An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.
>
> In this formulation, an attempt has been made to correct the looseness and overextension attending the so-called 'dual capacity' doctrine. In a sense, a single legal person may be said

to have many 'capacities,' since that term has no fixed legal meaning. As a result, a few courts have stretched the doctrine so far as to destroy employer immunity whenever there was, not a separate legal person, but merely a separate relationship or theory of liability. When one considers how many such added relations an employer might have in the course of a day's work *** it is plain enough that this trend could go a long way toward demolishing the exclusive remedy principle. ***

Since the term 'dual capacity' has proved to be subject to such misapplication and abuse, the only effective remedy is to jettison it altogether, and substitute the term 'dual persona doctrine.' *** [Under the dual persona doctrine,] [t]he question is not one of activity, or relationship—it is one of identity. ***

\* \* \*

Perhaps the best way to approach a correct analysis of the dual-persona concept is to provide illustrations of exceptional situations in which the concept can legitimately be employed. These will ordinarily be situations in which the law has already clearly recognized duality of legal persons, so that it may be realistically assumed that a legislature would have intended that duality to be respected. The duality may be one firmly entrenched in common law or equity. The status of a trustee or of a guardian is a familiar example of this. ***

The duality may also be created by modern statute, the obvious example being the one-man or small closely held corporation. Here again, *** it is assumed without question that the corporation is a separate legal persona—because the statute makes it so.

The New York Court of Appeals in 1980 produced an interesting variant on this theme involving a merger and the resulting posture of the successor corporation. In *Billy v. Consolidated Machine Tool Corp.* [(1980), 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879], claimant's decedent was killed by a piece of defective equipment manufactured by a corporation which had merged with the decedent's employer prior to the accident. Claimant received compensation from the employer. She then sued the employer in tort on the theory that it had assumed all of the obligations and liabilities of the manufacturing corporation when they had merged. The court held that claimant could sue the employer in tort, as a corporate successor, since it had assumed all of the obligations and liabilities of the third-party tort-feasor. The defective equipment was manu-

factured before the merger and the decedent had never been employed by the manufacturing corporation. Thus his employer could not claim any inherited immunity from the manufacturing corporation, with which it had merged, by virtue of the exclusivity provision of workers' compensation law. *It would be contrary to the beneficent purposes of compensation law to deprive a claimant of the rights to sue a third party in tort merely because the employer had merged with the third party tort-feasor corporation which had manufactured the defective equipment.* The court said, 'Having examined all of the pertinent precedent, we conclude that the "dual capacity" doctrine as it has been applied to permit common law suits against employers in their capacities as property owners or manufacturers of plant equipment is fundamentally unsound.' *The Court of Appeals has thus performed a signal service in disavowing the distorted dual-capacity doctrine while, at the same time, demonstrating that a genuine case of separate legal personality can be satisfactorily dealt with under the dual persona doctrine."* (Emphasis added.) 2A A. Larson, Workmen's Compensation Law §§72.80 through 72.83, at 14—229 through 14—236 (1988).

Several other jurisdictions have adopted the reasoning of the New York Court of Appeals in *Billy* and the views expressed in the treatise with respect to that decision. (See, *e.g., Kimzey v. Interpace Corporation* (1985), 10 Kan. App. 2d 165, 694 P.2d 907; *Corr v. Williamette Industries* (1986), 105 Wash. 2d 217, 713 P.2d 92 *(dicta)*; *Schweiner v. Hartford Accident & Indemnity Co.* (Wis. App. 1984), 120 Wis. 2d 344, 354 N.W.2d 767; see also *Wright v. United States* (6th Cir. 1983), 717 F.2d 254; *Wallace v. United States* (4th Cir. 1982), 669 F.2d 947; *Monroe v. Monsanto Co.* (D.S.C. 1982), 531 F. Supp. 426; but see *Davis v. Sinclair Refining Co.* (Tex. Ct. App. 1986), 704 S.W.2d 413.) KFC National contends that these cases conflict with the Illinois Supreme Court's decision in *Sharp v. Gallagher,* which refined the dual entity doctrine. In this regard KFC National asserts that the merger between KFC National and KFC Manufacturing caused the two corporations to become a "single legal entity" prior to the date of Robinson's injuries. On this basis, KFC National asserts that there is no second legal personality upon which liability for Robinson's injuries can be properly placed. We disagree.

■ ■ As a general rule of Illinois corporate law, "a corporation which purchases the assets of another corporation is not generally liable for the debts and liabilities of the transferor in the absence of an agreement providing otherwise. [Citations.] The exceptions to the gen-

eral rule include: (1) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (2) where the purchaser is merely a continuation of the seller; and (3) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. [Citations.]" *(Freeman v. White Way Sign & Maintenance Co.* (1980), 82 Ill. App. 3d 884, 892-93, 403 N.E.2d 495, 501; see Ill. Rev. Stat. 1985, ch. 32, par. 11.50(a)(5); see also *Nguyen v. Johnson Machine & Press Corp.* (1980), 104 Ill. App. 3d 1141, 433 N.E.2d 1104; *cf. Green v. Firestone Tire & Rubber Co.* (1984), 122 Ill. App. 3d 204, 460 N.E.2d 895; see generally Mulgrew, *Strict Tort Products Liability in Illinois—An Undated Exposition (Part II),* 76 Ill. B.J. 854, 857-58 (1987).) Thus corporate merger imposes upon the employer corporation the separate legal personality of successor corporation to the company which manufactured the allegedly defective equipment. This result obtains because the corporate merger obligates the successor employer corporation to assume the responsibilities and liabilities of its predecessor, the manufacturing corporation. Consequently, where there has been a corporate merger prior to an employee's injuries, the successor corporation cannot rely upon the exclusive remedy provision of the Workers' Compensation Act to shield it from the tort liabilities of its predecessor if the employee was never employed by the predecessor manufacturing company. In the instant case, the liabilities of KFC Manufacturing were assumed by KFC National, and there is nothing in the record to indicate that Robinson was employed by KFC Manufacturing.

Illinois Supreme Court jurisprudence interpreting the Workers' Compensation Act supports this conclusion. The supreme court has observed that the purpose of the Act is to "establish[ ] a new 'system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like.' " *(Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326, 447 N.E.2d 786, 787, quoting *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1958), 13 Ill. 2d 460, 463.) Thus, the Act " '[b]alance[s] against the imposition of no-fault liability upon the employer *** statutory limitations upon the amount of the employee's recovery, depending upon the character and the extent of the injury. As part of this "balancing," the Act further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury.' " *Sharp v. Gallagher,* 95 Ill. 2d at 326, 447 N.E.2d at 787, quoting *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 356.

The dual persona doctrine recognizes that these beneficent pur-

poses of the Act would be frustrated if an employer were permitted to avoid tort liability arising from the employer's identity as a separate and distinct legal personality. (*Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 447 N.E.2d 786; *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 396 N.E.2d 524; *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512.) For example, in *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 396 N.E.2d 524, the supreme court found that the defendant, who was both a member of a joint venture by whom the plaintiff was employed and who was also the lessor of the vehicle causing plaintiff's injury, was not immune from liability under the exclusivity provision of the Workers' Compensation Act with respect to plaintiff's product liability claim. The court reasoned that the "plaintiff's right to bring [his product liability action] should not depend upon whether the truck which struck him was leased to his employer by one of its members or by a lessor with no other relationship to the joint-venture employer. Likewise *** defendant's liability as a lessor of equipment should not be dependent upon whether it was solely a lessor or occupied the coincidental status of a member of the joint venture." 77 Ill. 2d at 320, 396 N.E.2d at 528.

■ Similarly, in the case at bar, a plaintiff's right to recovery should not be dependent upon, nor should the defendant's liability be limited by, the fortuitous circumstance that the manufacturing corporation merged with the plaintiff's employer prior to the plaintiff's injury. (See *Billy v. Consolidated Machine Tool Corp.* (1980), 51 N.Y.2d 152, 412 N.E.2d 934, 432 N.Y.S.2d 879; *Kimzey v. Interpace Corp.* (1985), 10 Kan. App. 2d 165, 694 P.2d 907.) The defendant employer's liability does not derive from its own manufacture or operation of the equipment causing the plaintiff's injury. (See *Hyman v. Sipi Metals Corp.* (1987), 156 Ill. App. 3d 207, 509 N.E.2d 516; *Ocasek v. Krass* (1987), 153 Ill. App. 3d 215, 505 N.E.2d 1258, *appeal denied* (1987), 116 Ill. 2d 562; see also *Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 447 N.E.2d 786.) Rather, the employer's tort liability derives from principles of corporate law made applicable because of the employer's corporate merger with a separate and distinct company that manufactured and sold the equipment allegedly causing plaintiff's injury. In this significant respect the instant factual situation is one wherein the employer's tort liability derives from its separate legal personality of successor corporation.

Based upon these considerations, we respond to the trial court's certified question as follows:

The exclusive remedy provision of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a)) does not bar an

employee who has accepted workers' compensation benefits from maintaining a tort action against his employer, when the manufacturing corporation, by whom he was never employed, has merged with the employer corporation prior to the date of the employee's injuries.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.