584 So.2d 17 (1991)
Maryse PERCY and Jean Melot Percy, her husband, Appellants,
v.
FALCON FABRICATORS, INC., a foreign corporation, f/k/a K.F.C. Manufacturing Corporation, and K.F.C. Manufacturing Corporation, Appellees.
No. 90-1913.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Rehearing Denied September 23, 1991.
Courtney & Webb, P.A., Daniels & Talisman, and Patrice A. Talisman, Miami, for appellants.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., and Edward D. Schuster, Fort Lauderdale, for appellees.
*18 Before HUBBART, JORGENSON and COPE, JJ.
JORGENSON, Judge.
Maryse and Jean Melot Percy appeal from an order of final summary judgment in a products liability action. For the following reasons, we reverse and remand for further proceedings.
Maryse Percy was employed by K.F.C. National Management Company (K.F.C. National) in 1987 when she was injured by the explosion of a pressure cooker at her workplace. Ms. Percy received worker's compensation benefits from her employer. The pressure cooker was manufactured by K.F.C. Manufacturing Corporation.[1] In August, 1979, K.F.C. Manufacturing had merged with K.F.C. National, and ceased to exist as a corporate entity.
Ms. Percy sued K.F.C. National for negligence and strict liability alleging that, as the successor corporation to the pressure cooker's manufacturer, K.F.C. National was liable to her for her injuries. K.F.C. National moved for summary judgment on the ground that it was immune from suit under the exclusive remedy provisions of the Worker's Compensation Act.[2] The trial court granted the motion; we reverse.
This appeal presents a question of first impression in Florida.[3] The theory of "dual persona," which creates a narrow exception to the worker's compensation rule of exclusivity of remedy, recognizes that worker's compensation immunity does not preclude actions by an injured worker against the corporate successor of a third-party tortfeasor when that corporate successor happens to be the worker's employer. A number of other jurisdictions have adopted the dual persona doctrine. See Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 550 N.E.2d 127 (1990); Robinson v. KFC Nat. Management Co., 171 Ill. App.3d 867, 121 Ill.Dec. 721, 525 N.E.2d 1028, cert. denied, 122 Ill.2d 594, 125 Ill. Dec. 236, 530 N.E.2d 264 (1988); Henning v. General Motors Assembly Div., 143 Wis.2d 1, 419 N.W.2d 551 (1988); Kimzey v. Interpace Corp., 10 Kan. App. 2d 165, 694 P.2d 907 (1985); Schweiner v. Hartford Accident & Indemnity Co., 120 Wis.2d 344, 354 N.W.2d 767 (Ct.App. 1984); Billy v. Consolidated Machine Tool Corp., 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980); contra, Davis v. Sinclair Refining Co., 704 S.W.2d 413 (Tex. Ct. App. 1986); see generally 2A Larson, The Law of Workmen's Compensation §§ 72-80  73 (1990).
We join those jurisdictions that have adopted the dual persona doctrine and hold that an injured employee may sue her employer in tort when that employer is the corporate successor of the manufacturer of the defective product that caused the injury, and the product was manufactured before the corporate merger. In such situations, the employer may not avail itself of the exclusive remedy provisions of the worker's compensation act. Under the dual persona doctrine, "the employer is acting as a second persona unrelated to his status as an employer, that confers upon him obligations independent of those imposed upon him as an employer." Kimzey v. Interpace Corp., 10 Kan. App. 2d 165, 694 P.2d 907, 912 (1985). When Ms. Percy was *19 injured by the allegedly defective product, she sued her employer, which had merged with the manufacturer. When K.F.C. Manufacturing merged with K.F.C. National, K.F.C. National assumed, by operation of law, all of the liabilities and obligations of the subsumed corporation  the third-party tortfeasor. § 607.1106(1)(c), Fla. Stat. (Supp. 1990) (formerly § 607.231(3)(e), Fla. Stat. (1979)).[4] If the product was manufactured before the merger and Ms. Percy had never been employed by that manufacturer, the successor corporation cannot claim any inherited immunity from the manufacturer. See Billy v. Consolidated Machine Tool Corp., 51 N.Y.2d at 161-62, 432 N.Y.S.2d at 884-85, 412 N.E.2d at 940. K.F.C. National's obligation arose not out of the employment relationship, but rather out of the independent business transaction between K.F.C. National and K.F.C. Manufacturing. "An employer may become a third person, vulnerable to tort suit by an employee, if  and only if  he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person." Larson, supra, at § 72.81. The independent persona sued in this case is the corporate successor to the third-party tortfeasor  K.F.C. National. As corporate successor, K.F.C. National inherited even the nascent liabilities of K.F.C. Manufacturing. When a corporation voluntarily merges, "it will take the `bad will' along with the `good will.' We will not allow such an acquiring corporation to `jettison inchoate liabilities into a never-never land of transcorporate limbo.'" Celotex Corp. v. Pickett, 490 So.2d 35, 38 (Fla. 1986) (citations omitted).
We reverse the order of final summary judgment and remand for further consistent proceedings.[5]
Reversed and remanded for further proceedings.
NOTES
[1] The precise date of manufacture of the pressure cooker is not clear from the record and remains a disputed issue of fact to be resolved upon remand.
[2] § 440.11, Fla. Stat. (1989).
[3] The first district has rejected the dual capacity doctrine by which an injured employee seeks tort recovery against the employer on the grounds that the employer acts in different capacities. Roberson v. Nooter Corp., 459 So.2d 1156 (Fla. 1st DCA 1984) (employer sued as manufacturer of product that caused injury; no corporate merger involved); Warwick v. Hudson Pulp & Paper Co., 303 So.2d 701 (Fla. 1st DCA 1974) (employer sued, as provider of medical services, for negligent treatment provided by employer's clinic), cert. denied, 314 So.2d 776 (Fla. 1975). The dual persona doctrine asserted in this case focuses not on whether the employer was acting in his capacity as provider of services on the job site or manufacturer of equipment used on the job site, but on the corporate merger by which the successor corporation, which coincidentally is also the employer, assumed the debts and liabilities of the entity that manufactured the product. Billy v. Consolidated Machine Tool Corp., 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980).
[4] "Such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged and consolidated... ." § 607.231(3)(e), Fla. Stat. (1979).
[5] As we noted earlier in this opinion, there remain genuine issues of material fact dispositive of the application of the dual persona doctrine to this case. If the pressure cooker was manufactured after the corporate merger, the employer was the manufacturer, and the dual persona doctrine would not apply.