CASANUEVA, Judge.
We review the circuit court’s partial denial of a summary judgment in which the court failed to apply the workers’ compensation immunity provisions to a statutory employer. See Fla. R.App. P. 9.130(a)(3)(C)(v). We reverse.
Van Bebber and Associates, Inc., was the general contractor and construction manager for a renovation project on which Kelly Cook was a subcontractor’s employee. The plans for the renovation project had been either designed or ordered by Van Bebber. Richard Matassa, a professional engineer, sealed and certified the plans, which failed to disclose or identify a retention pond hidden beneath a concrete slab. During the renovation project Mr. Cook was directed to cut a trench in this concrete slab. When the cut was made over the retention pond, Mr. Cook fell through the slab and sustained injuries. Mr. Cook and his wife then sued Van Bebber, Matassa, and others for their alleged negligence.
Mr. Cook also asserted a claim and received injury benefits under his employer’s workers’ compensation insurance. As an affirmative defense to the civil action brought by the Cooks, Van Bebber asserted that the Cooks’ claims were barred by the exclusivity provisions of section 440.11, Florida Statutes (1999), and sought summary judgment on this ground. Finding that on the date of the accident Mr. Cook was a statutory employee of Van Bebber, the circuit court entered summary judgment in favor of Van Bebber on all claims asserting that Van Bebber negligently managed the construction; the court declined, however, to enter summary judgment on the claim that Van Bebber negligently designed the project plans. We conclude that the court erred by denying summary judgment on the latter claim.
It is undisputed that Van Bebber was Mr. Cook’s statutory employer. Therefore, the exclusivity of liability provision of section 440.11 bars any recovery for his injuries from Van Bebber, unless the *152 circumstances fall under a recognized exception. For instance, if an employee is injured by a co-employee engaged in unrelated works, or if the employer acts as a second persona unrelated to its status as an employer, then workers’ compensation immunity is not available to the employer. See, e.g., Percy v. Falcon Fabricators, Inc., 584 So.2d 17 (Fla. 3d DCA 1991) (regarding the “dual persona” exception). We reject Mr. Cook’s contentions that this case presents any exception that would negate Van Bebber’s workers’ compensation immunity and address one of his arguments briefly.
Mr. Cook argues that the “dual persona” exception to the immunity provided by Florida’s Workers’ Compensation law applies here. In Percy, the Third District reviewed a final summary judgment in favor of the employer in a products liability action brought by an employee. The employee was injured at her workplace by the explosion of a pressure cooker manufactured by a company that had merged with her employer. The court held:
We join those jurisdictions that have adopted the dual persona doctrine and hold that an injured employee may sue her employer in tort when that employer is the corporate successor of the manufacturer of the defective product that caused the injury, and the product was manufactured before the corporate merger.
Percy, 584 So.2d at 18.
The “dual persona” exception as set forth in Percy does not apply in this case, which involves neither a corporate successor nor a product. By distinguishing Percy, we are not called upon to and do not determine whether we should recognize the “dual persona” exception as expressed in Percy. We do note that Percy issued in 1991, and in the many years following it our legislature has neither rejected nor accepted its reasoning.
Furthermore, inasmuch as Mr. Cook attempts to distinguish Van Bebber’s actions as a construction manager or general contractor from its role as designer of plans, we find this to be a “dual capacity” argument, much disfavored and also not applicable to these facts. Cf. Tatum v. Med. Univ. of S.C., 346 S.C. 194, 552 S.E.2d 18, 23-24 (2001) (rejecting a “dual capacity” argument and noting that this doctrine has been disfavored, as it has been used to destroy employer immunity simply when there are separate legal theories that can be brought against the employer (citing Arthur Larson & Lex K. Larson, Larson’s Workers’ Compensation Law § 113.01[2] (1999))); see also Sullivan v. Atl. Fed. Sav. & Loan Ass’n, 454 So.2d 52 (Fla. 4th DCA 1984). We decline to adopt the “dual capacity” doctrine because it would circumvent the legislative plan and purpose as codified in chapter 440.
Reversed and remanded with instructions to enter summary judgment in favor of Van Bebber on count one.
COVINGTON and WALLACE, JJ., Concur.