979 So.2d 416 (2008)
GRIFFIN, INC., f/u/b/o Gulf Insurance Company, Appellant,
v.
LOOMIS, FARGO & COMPANY, as successor in interest to Wells Fargo Armored Service Corporation, Appellee.
No. 2D07-2535.
District Court of Appeal of Florida, Second District.
April 23, 2008.
*417 Scott S. Katz and Anthony J. Russo of Butler Pappas Weihmuller Katz Craig, LLP, Tampa, for Appellant.
Tracy Raffles Gunn and Mark C. Greene of Fowler White Boggs Banker, P.A., Tampa, for Appellee.
LaROSE, Judge.
Griffin, Inc. (Griffin), for the benefit of Gulf Insurance Company, appeals the trial court's final summary judgment in favor of Loomis, Fargo & Company (Loomis) as successor in interest to Wells Fargo Armored Service Corporation (Wells Fargo). The trial court concluded that Loomis was entitled to workers' compensation immunity as a matter of law; it rejected Griffin's argument that the dual persona doctrine exposed Loomis to tort liability. We affirm.
The underlying facts are straightforward. Wells Fargo engaged Griffin to convert a van into an armored vehicle. Two years later, Wells Fargo merged into Loomis. One year later, a Loomis employee sustained injuries when the van crashed. The employee had worked for Wells Fargo prior to the merger. Apparently, there was no break in his service. The employee received workers' compensation benefits through Loomis.
The employee then sued Griffin for negligence and strict liability based on defective design of the van. The employee and Griffin settled. In its third party action, Griffin sought equitable subrogation and contribution from Loomis for amounts paid to the employee. Griffin claimed that Wells Fargo, Loomis's predecessor, was partially responsible for the van's defective design. Loomis claimed workers' compensation immunity. See § 440.11(1), Fla. Stat. (1997)[1]; Seaboard Coast Line R.R. Co. v. Smith, 359 So.2d 427, 429-30 (Fla. 1978) (upholding constitutionality of section 440.11(1) and holding that a third-party tortfeasor is not entitled to contribution from an injured person's employer); Welch v. Complete Care Corp., 818 So.2d 645, 648-49 (Fla. 2d DCA 2002) (holding equitable subrogation inapplicable where employer has paid workers' compensation benefits for accident and is immune from suit under section 440.11).
*418 Apparently recognizing that its claims, essentially, can be no better than those held by Loomis's employee, Griffin argued below and asserts here that the dual persona doctrine removes the shield of workers' compensation immunity. Generally, "the dual persona doctrine requires that the employer possess `a second persona so completely independent from and unrelated to its status as employer that by established standards the law recognizes that persona as a separate legal person.'" Herbolsheimer v. SMS Holding Co., 239 Mich.App. 236, 608 N.W.2d 487, 491-92 (2000) (quoting 6 Arthur Larson, Larson's Workers' Compensation Law, § 113.011 (1999)). As the doctrine is sought to be applied here, Griffin claims that Loomis's liability is based on its status as the successor in interest, through merger, of Wells Fargo. That status, according to Griffin, is distinct from any employment relationship between Loomis and the injured employee and, thus, does not implicate the immunity Loomis might otherwise enjoy under Florida's Workers' Compensation Law. See § 440.01. Griffin views Wells Fargowhich, through merger, no longer existsas a third-party tortfeasor. Its liabilities, however, allegedly passed to Loomis.
The dual persona doctrine is not a statutorily recognized exception to the immunity enjoyed by employers under Florida's Workers' Compensation Law; several states, by court decision, recognize the doctrine. See Percy v. Falcon Fabricators, Inc., 584 So.2d 17, 18 (Fla. 3d DCA 1991).
Percy was the first Florida case to address the dual persona doctrine. In Percy, our sister district held that an injured employee could sue her employer in tort when that employer merged with the manufacturer of a defective product that caused her injury, and the product was made before the corporate merger. Id. at 18. Significantly, the injured employee never worked for the manufacturer. Under those circumstances, her employer, as successor through merger, could not claim workers' compensation immunity. Id. at 19.
We are aware of no other Florida case addressing the doctrine directly. The parties' comprehensive briefs and our own independent research reveal no case where the dual persona doctrine has been extended to a situation where the injured employee worked for both merger partners. Griffin urges us to extend the doctrine to this uncharted area. We will not do so.
We cannot ignore the fact that the legislature has designed a workers' compensation system that allows for few exceptions from coverage. Accordingly, we must apply the dual persona exception, if at all, narrowly. See Percy, 584 So.2d at 18 (describing the dual persona theory as a narrow exception to the workers' compensation rule of exclusivity); Caraccioli v. KFC Mfg. Corp., 761 F.Supp. 119, 122 (M.D.Fla.1991) (refusing to adopt the dual persona doctrine, which had not been adopted by Florida, and explaining that the doctrine would "substantially effect [sic] the exclusivity of the worker's compensation scheme the state has created"); see also Herbolsheimer, 608 N.W.2d at 493 (noting that, as a judicially created exception to the workers' compensation statute, the dual persona exception must be applied narrowly). And, we must also acknowledge that the dual persona exception is designed to prevent injustice; the fortuity of a tortfeasor merging with the plaintiff's employer should not bar an otherwise valid claim against the tortfeasor. See Percy, 584 So.2d at 19. A merger cannot extinguish a claim that the plaintiff would have had absent the merger. Conversely, a merger cannot create tort liability where none previously existed. On this point, it is important to note that but for the merger, *419 the employee's exclusive remedy for his injuries would have been a workers' compensation claim against Wells Fargo.
Decisions from other jurisdictions amply illustrate that the dual persona doctrine does not apply where the injured worker was employed by the predecessor party to a merger. See, e.g., Thomeier v. Rhone-Poulenc, Inc., 928 F.Supp. 548 (W.D.Pa. 1996) (emphasizing this factor in discussing cases applying the dual persona exception); Herbolsheimer, 608 N.W.2d at 496 (stating that successor company "cannot inherit the liabilities without the defenses" of the predecessor). Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 550 N.E.2d 127 (1990), starkly explains the principle. The court held that an injured employee could sue his current employer in its capacity as successor to a company for which he never worked, but could not sue his employer as successor to a company for which he had worked prior to the merger. Id. at 131. The court explained that the postmerger company succeeded to all the rights and liabilities of its predecessors, including the one company's workers' compensation immunity. Id. at 130.
Similarly, in Green v. Sun Oil Co. of Pennsylvania, 11 Pa. D. & C.3d 239 (Pa. Ct.Com.Pl.1977), the plaintiff's employer merged with another corporation, and the employee became an employee of the surviving corporation. The court held that the surviving corporation was entitled to workers' compensation immunity not only in its own right but as successor by merger to the initial employer. Id. at 241. The court emphasized that the predecessor employer was not a "third party" subject to suit, and the successor corporation assumed all rights and liabilities of the predecessor, including its immunities. Id.
Billy v. Consolidated Machine Tool Corp., 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (N.Y.1980), a case upon which Griffin relies heavily, is not to the contrary. There, the court explained that the dual persona exception allows recovery only for the liability of "third parties" who "never had an employer-employee relationship with the injured party." 432 N.Y.S.2d 879, 412 N.E.2d at 940 (emphasis added). The exception allowed a suit where the predecessor was not the plaintiff's employer. The court emphasized that, but for the merger, the employee would be able to sue the third-party predecessor; the merger should not affect that existing liability of a third-party tortfeasor. Id. Billy does not invite application of the dual persona doctrine to a situation where the injured employee also worked for the predecessor company. See also Braga v. Genlyte Group, Inc., 420 F.3d 35, 41 (1st Cir.2005) (holding that a successor corporation can inherit a predecessor's liability "only if such liability would have existed absent the merger" and only if the predecessor "`would have been susceptible to a third-party claim as a tortfeasor outside of the protection of workers' compensation' if not for the merger") (emphasis omitted); Robinson v. KFC Nat'l Mgmt. Co., 171 Ill. App.3d 867, 121 Ill.Dec. 721, 525 N.E.2d 1028, 1033 (1988) (explaining that employee can sue employer under dual persona theory for equipment manufactured by predecessor "by whom he was never employed") (emphasis added).
The policy underlying the dual persona doctrine carries no weight where, as here, the injured employee worked for both the predecessor and successor companies. Under these circumstances, the trial court properly granted final summary judgment in favor of Loomis.
Affirmed.
FULMER and WALLACE, JJ., Concur.
NOTES
[1] In relevant part, the statute provides:

The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. . . .