Rocky STAYTON, Plaintiff
Below, Appellant,

v.

CLARIANT CORPORATION, a foreign
corporation, and Polymer Color North
America, Inc., a former Delaware Cor-
poration, Defendants Below, Appel-
lees.

No. 231, 2010.

Supreme Court of Delaware.

Submitted: Nov. 10, 2010.
Decided: Dec. 13, 2010.

William D. Fletcher, Jr., Esquire (argued) and B. Brian Brittingham, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware, for appellant.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

This is an appeal by the plaintiff-appellant, Rocky Stayton ("Stayton"), from a final judgment entered by the Superior Court in favor of the defendants-appellees, Clariant Corporation ("Clariant") and Polymer Color North America, Inc. ("Polymer Color"). The Superior Court granted the defendant's motion to dismiss Stayton's Amended Complaint on the basis that it was barred by the Delaware Workers' Compensation Act.

Stayton contends that, pursuant to the dual persona doctrine, his complaint should not have been dismissed. Stayton submits that the Workers' Compensation Act only bars an action against his employer, Clariant, in its capacity as his employer. Stayton argues that his action against Clariant is as the successor in interest by merger to the alleged third-party tortfeasor, Polymer Color.

We have concluded that the Superior Court erred as a matter of law in dismissing Stayton's Amended Complaint. Therefore, the judgment of the Superior Court must be reversed. This matter is remanded for further proceedings in accordance with this opinion.

## Facts

On May 20, 2003, Stayton was injured while he was an employee of Clariant. Stayton was manually moving a four-wheeled pelletizer machine, weighing nearly 1700 pounds, when it toppled over on him. The accident was allegedly due to defects in the floor and the top-heavy nature of the machine. Stayton suffered injuries to his left leg and hand and underwent numerous surgeries as a result of the accident.

The original owner of the machine was Plastic Materials Co., Inc. ("Plastic Materials"), which used the machine in the same manufacturing facilities where Stayton was injured. In May 1996, PMC purchased the business assets of Plastic Materials. On December 20, 1996, PMC merged with Polymer Color. Pursuant to the merger agreement, Polymer Color was the surviving corporation. On December 31, 1997, Polymer Color, a Delaware corporation, merged with Clariant, a New York corporation unrelated to Plastic Materials, PMC, and Polymer Color. Clariant was the surviving corporation. In 1999, Stayton began his employment with Clariant.

In the Amended Complaint, Stayton alleges that Plastic Materials, PMC, and Polymer Color all "maintained, altered, and/or modified" the pelletizer in a negligent manner that rendered the machine unreasonably susceptible to tip-overs. Stayton does not claim that Clariant acted negligently in any way. Instead, Stayton argues that Clariant is statutorily liable for the negligent acts of its predecessors pursuant to the New York merger statute.[1]

Clariant filed a motion to dismiss pursuant to Superior Court Rule 12(b)(6). The Superior Court concluded that the actions against both Clariant and Polymer Color were barred by the exclusivity provision of the Workers' Compensation Act and granted the motion to dismiss.

### Workers' Compensation Act

■■■ The purpose of Delaware's Workers' Compensation Act is to "eliminate questions of negligence and fault in industrial accidents, and to substitute a reasonable scale of compensation for the common-law remedies, which experience had shown to be, generally speaking, inadequate to protect the interest of those who had become casualties of industry."[2] Delaware's Workers' Compensation Act provides that the exclusive remedy for personal injuries sustained during the course of employment is worker compensation payments. Section 2304 states:

> Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.[3]

This exclusivity provision "precludes a suit for negligence under the common law, even if the injury was caused by the gross, wanton, wil[l]ful, deliberate, reckless, culpable or malicious negligence, or other

---

1. Stayton erroneously asserted that Clariant, a New York Corporation, was liable under the Delaware merger statute. We note that, pursuant to the dual persona doctrine that we adopt in this case, the result would be the same under Delaware law. Del.Code Ann. tit. 8, § 259(a).

2. *Hill v. Moskin Stores, Inc.,* 165 A.2d 447, 451 (Del.1960).

3. Del.Code. Ann. tit. 19, § 2304.

misconduct of the employer."[4]

Delaware's exclusivity provision does not, however, prevent an injured worker from bringing suit against a third-party tortfeasor. A basic principle of workers' compensation law is that if "a stranger's negligence was the cause of injury to claimant in the course of employment, the stranger should not be in any degree absolved of his or her normal obligation to pay damages."[5] Although the exclusivity provision prevents an injured employee from suing the employer for the employer's negligence, it does nothing to alter the injured party's right to bring a negligence action against a third-party tortfeasor.

### New York Merger Statute

Mergers between corporations in New York are governed by section 906 of its corporation statute, which provides in relevant part, as follows:

(b) When such merger or consolidation has been effected:

(1) Such surviving or consolidated corporation shall thereafter, consistently with its certificate of incorporation as altered or established by the merger or consolidation, possess all the rights, privileges, immunities, powers and purposes of each of the constituent corporations.

(2) All the property, real and personal, including subscriptions to shares, causes of action and every other asset of each of the constituent entities, shall vest in such surviving or consolidated corporation without further act or deed.

(3) *The surviving or consolidated corporation shall assume and be liable for all the liabilities, obligations and penalties of each of the constituent entities. No liability or obligation due or to become due, claim or demand for any cause existing against any such constituent entity, or any shareholder, member, officer or director thereof, shall be released or impaired by such merger or consolidation.* No action or proceeding, whether civil or criminal, then pending by or against any such constituent entity, or any shareholder, member, officer or director thereof, shall abate or be discontinued by such merger or consolidation, but may be enforced, prosecuted, settled or compromised as if such merger or consolidation had not occurred, or such surviving or consolidated corporation may be substituted in such action or special proceeding in place of any constituent entity.[6]

Clariant is the surviving corporation of the merger between itself and Polymer Color. Under New York law, Clariant has succeeded to not only the rights, privileges and immunities that Polymer Color possessed, but also to Polymer Color's liabilities and obligations.

### Standard of Review

This Court reviews a motion to dismiss *de novo*[7] and examines whether the trial judge erred as a matter of law in

---

**4.** *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 159 (Del.2000).

**5.** Arthur Larson, *Larson's Workers' Compensation Law*, 6 § 110.01, pg. 110.3 (ed. 2000).

**6.** N.Y. Business Corporation Law § 906 (McKinney 2010) (emphasis added).

**7.** *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del.1995); *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del.2001).

formulating or applying legal principles.[8] In ruling upon a motion to dismiss a complaint for failure to state a claim, pursuant to Superior Court Civil Rule 12(b)(6), all well-pleaded allegations must be accepted as true.[9] The legal issue to be decided is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[10]

### Dual Persona Doctrine

■ The dual persona doctrine, as used in workers' compensation jurisprudence, provides that "an employer may become a third person, vulnerable to tort suit by an employee, if—and only if—it possesses a second persona so completely independent from and unrelated to its status as an employer that by established standards the law recognizes that persona as a separate legal person."[11] This Court has never addressed the applicability of the dual persona doctrine to the factual circumstances presented here. An authoritative treatise on workers' compensation law, *Larson's Workers' Compensation Law,*[12] cites *Billy v. Consolidated Machine Tool Corp.*[13] as the leading case that has addressed the dual persona doctrine in a similar context.

In *Billy,* the New York Court of Appeals held that a claimant could sue the employer in tort, as a corporate successor by merger, since it had assumed all of the obligations and liabilities of the alleged third-party tortfeasor.[14] In *Billy,* the employee was injured by a machine that had been manufactured by a corporation that was not the employee's employer. Before the employee's injury, the manufacturer and the employee's employer merged. The New York Court of Appeals held that when the employer's liability, if any, is alleged to have arisen solely from its independent assumption, by contract or operation of law, of the obligations and liabilities of a third-party tortfeasor, the exclusivity provision of New York Workers' Compensation Statute did not bar a common-law action against the employer for injuries sustained by an employee in the course of his employment.[15]

As the New York Court of Appeals in *Billy* noted, it is well settled that the policies underlying workers' compensation statutes do not preclude the maintenance of a common-law suit against third-parties who may be responsible for the employee's injuries.[16] The court further recognized that had the merger between the employee's employer and the manufacturer not occurred, the employee could have brought an action against the manufacturer.[17] The fact that the successor corporation also happened to be the injured party's employer, the court stated, was not of controlling significance, "since the obligation upon

8. *Gadow v. Parker,* 865 A.2d 515, 518 (Del. 2005).

9. *Spence v. Funk,* 396 A.2d 967, 968 (Del. 1978).

10. *Id.*

11. Larson, § 113.01[1], pg. 113–2.

12. Arthur Larson, *Larson's Workers' Compensation Law,* 6 § 113.01[3], pg. 113–5 (ed. 2000).

13. *Billy v. Consolidated Machine Tool Corp.,* 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980).

14. *Id.,* 432 N.Y.S.2d 879, 412 N.E.2d at 940; *see also* Larson, § 113.01[3], pg. 113–5.

15. *Billy v. Consolidated Machine Tool Corp.,* 432 N.Y.S.2d 879, 412 N.E.2d at 936.

16. *Id.,* 432 N.Y.S.2d 879, 412 N.E.2d at 939.

17. *Id.,* 432 N.Y.S.2d 879, 412 N.E.2d at 939–940.

which it is being sued arose not out of the employment relationship, but rather out of an independent business transaction" between the employer and the manufacturer.[18] According to Larson, "[t]he [New York] [C]ourt of [A]ppeals ha[d] thus performed a signal service in disavowing the distorted dual capacity doctrine while, at the same time, demonstrating that a genuine case of separate legal personality can be satisfactorily dealt with under the dual persona doctrine." [19]

After *Billy,* several other jurisdictions have followed its reasoning, including Wisconsin,[20] Massachusetts,[21] Illinois,[22] and Kansas.[23] Clariant, however, points to other jurisdictions that have declined to apply *Billy* in similar circumstances. In particular, Clariant relies on *Braga v. Genlyte Group,*[24] in which the First Circuit held that an employer cannot be held liable on the basis of a predecessor's mere ownership of defective equipment when it merged with the employer.[25] In support of that holding, the court cited decisions from Michigan, New Jersey, Maine, and Washington. Those cases all discussed the *Billy* decision and noted that the reasoning in *Billy* was persuasive. Nevertheless, the courts in those cases proceeded to examine the merits of whether the predecessor corporation would be liable as a third-party tortfeasor in determining whether the dual persona doctrine applied to the facts at issue.[26]

### Clariant's Dual Persona

█ We find that the *ratio decidendi* of the *Billy* decision is persuasive. The dual persona doctrine prevents an employer from avoiding the third-party obligations it assumed through a corporate merger by asserting the immunity, as the employer of the injured employee, conferred by the Delaware Workers' Compensation Act.[27] The dual persona doctrine gives effect to the legislative purposes of both the Workers' Compensation Act and the merger provisions of most state corporation statutes. Under New York law, Clariant, as the surviving corporation, voluntarily assumed the liabilities and obligations of Polymer Color when the two corporations merged.[28]

Stayton contends that Clariant's liability arises from its voluntary assumption by merger of Polymer Color's liabilities and

18. *Id.,* 432 N.Y.S.2d 879, 412 N.E.2d at 940.

19. Larson, § 113.01[3], pg. 113–6.

20. *Schweiner v. Hartford Accident & Indemnity Co.,* 120 Wis.2d 344, 354 N.W.2d 767 (Wis. Ct.App.1984).

21. *Gurry v. Cumberland Farms,* 406 Mass. 615, 550 N.E.2d 127 (1990).

22. *Robinson v. KFC National Management Co.,* 171 Ill.App.3d 867, 121 Ill.Dec. 721, 525 N.E.2d 1028 (1988).

23. *Kimzey v. Interpace Corp. Inc.,* 10 Kan. App.2d 165, 694 P.2d 907 (1985).

24. *Braga v. Genlyte Group, Inc.,* 420 F.3d 35 (1st Cir.2005).

25. *Id.* at 43.

26. *Herbolsheimer v. SMS Holding Co., Inc.,* 239 Mich.App. 236, 608 N.W.2d 487 (2000); *Vega v. Standard Machinery Co. of Auburn, Rhode Island,* 290 N.J.Super. 434, 675 A.2d 1194 (App.Div.1996); *Hatch v. Lido Company of New England,* 609 A.2d 1155 (Me.1992); *Corr v. Willamette Industries, Inc.,* 105 Wash.2d 217, 713 P.2d 92 (1986).

27. *Gurry v. Cumberland Farms, Inc.,* 550 N.E.2d at 131.

28. *Billy v. Consolidated Machine Tool Corp.,* 432 N.Y.S.2d 879, 412 N.E.2d at 940.

obligations, a third-party role that is unrelated to Clariant's role as Stayton's employer.[29] Delaware's Workers' Compensation Act has never precluded an injured employee from suing third-party tortfeasors simply because the injury occurred in the workplace. Allowing an employer to assert immunity under the exclusivity provision of section 2304 of the Worker's Compensation Act would "cloak the employer with absolute immunity from liability under any theory to an injured employee who is eligible for or has received workers' compensation even though the liability asserted arises outside the employment relationship." [30]

 Given our ruling, it is unnecessary for this Court to consider the merits of other issues raised, such as whether Polymer Color owed any duty to Stayton [31] or whether Stayton's claim is barred by the statute of limitations. Those matters will be decided in the proceedings upon remand. The issue before this Court is whether, as a matter of law, Stayton's action against Clariant, for the alleged third-party negligence of Polymer Color, is precluded by the Delaware Workers' Compensation Act. We hold, pursuant to the dual persona doctrine, that the Delaware Workers' Compensation Act's exclusivity provision does not bar Stayton's claim against Clariant as the surviving corporation in its merger with Polymer Color, the alleged thirty-party tortfeasor.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded for further proceedings in accordance with this opinion.

---

**29.** *Schweiner v. Hartford Accident & Indemnity Co.,* 354 N.W.2d at 770.

**30.** *Kimzey v. Interpace Corp. Inc.,* 694 P.2d at 912.

**31.** *Cf. Braga v. Genlyte Group, Inc.,* 420 F.3d 35 (1st Cir.2005).