# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY J. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N19C-09-255 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON & JOHNSON SERVICES, | ) | |
| INC., NORAMCO, INC., and JANSSEN | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: February 19, 2020
Decided: April 24, 2020

*Upon Defendant Noramco's Motion to Dismiss Plaintiff's Complaint:*
***Denied***

## MEMORANDUM OPINION

Philip T. Edwards, Esq., MURPHY & LANDON, Wilmington, Delaware, Paul Bucci, II, Esq., LAFFEY, BUCCI & KENT, LLP, Philadelphia, Pennsylvania, *Attorneys for Plaintiff.*

Brian D. Tome, Esq., REILLY, MCDEVITT, AND HENRICH, P.C., Wilmington, Delaware, *Attorney for Defendant Noramco, Inc.*

**Adams, J.**

1

This case involves alleged injury from exposure to silica and toluene during Plaintiff Gregory J. Long's ("Plaintiff") employment at a pharmaceutical manufacturing facility. The central issue at this stage is whether Defendant Noramco, Inc. ("Noramco") is immune from this suit under Delaware's Workers' Compensation statute. For the reasons stated herein, the Court **DENIES** Noramco's Motion to Dismiss.

## FACTS AND PARTIES' CONTENTIONS

Plaintiff alleges in the Complaint that Defendants Johnson & Johnson Services, Inc. ("Johnson & Johnson"), Noramco and Janssen Pharmaceuticals, Inc. ("Janssen Pharmaceuticals") "allowed, caused and/or permitted dangerous, excessive and significant amounts of airborne silica dust and toluene to be used and be present on, near and/or around Plaintiff in their course of controlling, managing, owning, operating and/or supervising the pharmaceutical manufacturing facility[…] thereby unreasonably exposing [Plaintiff] to these known health hazards."

Plaintiff alleges that each of the named Defendants owned, managed, operated and/or controlled the facility "individually, as successors-in-interest to other entities, as subsidiaries and/or operating arms of, in partnership with, or otherwise in connection with other entities and/or each other." Plaintiff does not allege in the Complaint who was Plaintiff's employer or allege specific details of the parties'

2

relationships to each other.[1] Plaintiff is also involved in litigation before the Industrial Accident Board against Johnson & Johnson.[2]

Under the Delaware Workers' Compensation statute, actions by an employee against his employer for injuries caused by "all compensable occupational diseases" are barred.[3] Noramco asserts that it is immune under the statute as Plaintiff's employer and Plaintiff has, therefore, failed to state a claim under Superior Court Civil Rule 12(b)(6).

Plaintiff does not dispute that Noramco states accurately the current state of the law regarding the Delaware Workers' Compensation statute. Rather, Plaintiff contends Noramco's arguments involve issues of fact that are inappropriate for resolution at the motion to dismiss stage. Plaintiff argues that the Court should deny Noramco's Motion to Dismiss because it is not possible at this stage to determine whether Noramco is Plaintiff's employer for the purposes of immunity under the Workers' Compensation statute.

---

[1] Plaintiff asserts in both this Opposition to the Motion to Dismiss and supplemental briefing that he named both Noramco and Johnson & Johnson as defendants because there is confusion as to the identity of his employer during the relevant time period.
[2] *See* Tr. 17:4–19:9-13. Plaintiff also acknowledged during oral argument that Noramco is listed, in addition to Johnson & Johnson, on one of the IAB litigation documents. Plaintiff is represented by different counsel in the present matter.
[3] Noramco Mot. to Dismiss ¶ 2 (citing 19 *Del. C.* § 2304; *Kofron v. Amoco Chemicals Corp.*, 441 A.2d 226 (Del. 1982)).

**PROCEDURAL POSTURE**

Plaintiff filed his Complaint on September 25, 2019. Noramco filed its Motion to Dismiss on October 25, 2019.[4] Pending before the Court is Defendant Noramco, Inc.'s ("Noramco") Motion to Dismiss the Complaint. The Court held oral argument on the Motion to Dismiss on January 31, 2020. The Court ordered additional briefing on the issue of whether Noramco is immune from this suit under Delaware's Workers' Compensation statute as Plaintiff's employer. The parties completed briefing on this issue on February 19, 2020 and this matter is now ripe for decision.

**ANALYSIS**

On a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court "will accept all well-pleaded factual allegations in the complaint as true" and "will draw all reasonable inferences in favor of the plaintiff."[5] The Court will deny a 12(b)(6) motion to dismiss "unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[6] "As a general rule, vagueness and lack of detail are insufficient grounds for dismissal."[7]

---

[4] The remaining defendants, Johnson & Johnson and Janssen Pharmaceuticals, filed answers to the Complaint.

[5] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings, LLC*, 27 A.3d 531, 536 (Del. 2011).

[6] *Id.*

[7] *Anderson v. Airco, Inc.*, 2004 WL 1551484, at *2 (citing *Evans v. Perillo*, 2000 WL 973245, at *2 (Del. May 26, 2000)).

Under the Delaware Workers' Compensation statute, "every employer and employee […] shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment […] to the exclusion of all other rights and remedies."[8]  However, "[a]lthough the exclusivity provision prevents an injured employee from suing the employer for the employer's negligence, it does nothing to alter the injured party's right to bring a negligence action against a third-party tortfeasor," even if the injury occurred in the workplace.[9]

Noramco asserts multiple arguments related to its purported status as Plaintiff's employer.[10]  First, Noramco argues that current and former employers are equally immune under the Workers' Compensation statute.  Second, Noramco argues that a successor-in-interest is immune under the statute unless the dual persona doctrine applies.  Third, Noramco argues for the application of the four-factor *Neal* test[11] to determine Plaintiff's employment status with regard to the Defendants.  Finally, Noramco argues that if Plaintiff is attempting to pierce the

---

[8] 19 *Del. C.* § 2304.
[9] *Stayton v. Clariant Corp.*, 10 A.3d 597, 600, 603 (Del. 2010).
[10] Noramco also asserts that these arguments are only relevant with regard to the other Defendants because the affidavit Noramco attached to its additional briefing response proves that Noramco was Plaintiff's employer.  This affidavit is outside the pleadings and the Court will not consider it in making its decision on the Motion.  Furthermore, the affidavit does nothing to resolve this contested factual matter, even if the Court were to consider it at this time.
[11] *Lester C. Newton Trucking Co. v. Neal*, 204 A.2d 393, 395 (Del. 1964).

corporate veil in suing a parent company for the actions of its subsidiary, the Court would have no subject matter jurisdiction over such a claim because Plaintiff has not alleged direct liability. The Court will address each of Noramco's arguments in turn.

First, Noramco asserts that current and former employers share the same immunity under the statute. At this stage, the record is not sufficiently developed for the Court to determine whether Noramco, or any other Defendant, was Plaintiff's employer, at any time, under the Workers' Compensation statute. The Court is, therefore, unable to determine whether Noramco is immune as a former or current employer at this time.

Second, with regard to Noramco's successors-in-interest argument, the dual persona doctrine provides that an employer becomes a third person and may lose its immunity under the statute only if "it possesses a second persona so completely independent from and unrelated to its status as an employer that by established standards the law recognizes that persona as a separate legal person."[12] The pleadings contain almost no information about the nature of Noramco's relationship with the other named Defendants and it is premature for the Court to engage in this analysis at this stage.

_____

[12] *Stayton*, 10 A.3d 597, 601 (quoting Arthur Larson, *Larson's Workers' Compensation Law*, 6 § 113.01[1], p. 113–2).

Third, the pleadings also lack the facts necessary to make a determination under the *Neal* test.[13] In *Anderson v. Airco*, the Court was asked to apply the *Neal* test to determine whether plaintiff was an employee of a parent company, in addition to being the employee of the subsidiary-employer defendant. The complaint, however, provided "little factual guidance" for the Court in making a determination as to whether the plaintiff was an employee of the parent company.[14] The fact that the complaint in *Anderson* did not allege facts sufficient for the Court to apply the *Neal* test, however, did not warrant a dismissal under 12(b)(6) because "the Complaint serves only a notice function" and the plaintiffs were not required to "prove their case within it."[15] The *Anderson* court denied the motion to dismiss in order to allow the further development of the record with regard to the question of employment.[16]

Similarly, the Complaint here does not set forth facts sufficient to undertake the *Neal* analysis to determine whether Noramco is an employer for the purposes of immunity under the Workers' Compensation statute.

---

[13] Delaware courts use the following four-factor test to determine whether an employer-employee relationship exists: (1) who hired the employee; (2) who may discharge the employee; (3) who pays the employee's wages; and (4) who has the power to control the conduct of the employee when he is performing the particular job in question. *See Lester C. Newton Trucking Co. v. Neal*, 204 A.2d 393, 395 (Del. 1964).

[14] *Anderson*, 2004 WL 1551484, at *10.

[15] *Id.*

[16] *Id.*

7

Finally, although Noramco asserts that Plaintiff is not alleging direct liability of the parent company, the allegations set forth in the Complaint suggest otherwise. Plaintiff has alleged that each Defendant is directly liable for his injuries and does not appear to be asserting a veil piercing argument.

The test to determine whether an employer-employee relationship exists "is an issue of law that depends on the facts and circumstances of the particular case, with no single element being decisive."[17] The Complaint does not provide the Court with enough information to answer the questions posed by the *Neal* test, nor is it required to.[18] Neither the parties nor the Court are able to determine which Defendant (or Defendants, as the case may be)[19] qualifies as Plaintiff's employer for purposes of immunity under the Workers' Compensation, even after oral argument and two rounds of briefing. The Court will, therefore, deny Noramco's Motion to Dismiss.

---

[17] *Barnard v State*, 642 A.2d 808, 813 (Del. Super. 1992) (citing *Gooden v. Mitchell*, 21 A.2d 197 (Del. Super. 1941)). *See also Patterson v. Blue Hen Lines, Inc.*, 1986 WL 2274, at *2 (Del. Super. Jan. 28, 1986) ("The determination of an employer-employee relationship almost always is a question of fact."); *Dickinson v. Eastern R. R. Builders, Inc.*, 403 A.2d 717, 721 (Del. 1979) ("[T]he test for the employer-employee relationship is ordinarily a factual one.").

[18] *See Anderson*, 2004 WL 1551484, at *10.

[19] *See Farrall v. Armstrong Cork Co.*, 457 A.2d 763, 766 (Del. Super. 1983) (discussing circumstances in which an employee is simultaneously employed by two or more employers).

## <u>CONCLUSION</u>

For the foregoing reasons, Noramco's Motion to Dismiss is **DENIED.**

_____
Meghan A. Adams, Judge