## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TWO DJACOLA JEANBAPTISTE,    :

                  :    C.A. No. K20C-01-021 NEP

          Plaintiff,    :    In and for Kent County

                  :

        v.             :

                  :

CLARIOS, LLC,          :

                  :

          Defendant.    :

Submitted: March 3, 2020
Decided: May 11, 2020

## ORDER

Before the Court is the Motion to Dismiss of Defendant Clarios, LLC (hereinafter "Clarios"), in response to the Complaint of Plaintiff Two Djacola Jeanbaptiste (hereinafter "Jeanbaptiste"). For the reasons set forth below, Clarios's Motion is **GRANTED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts recited herein are those as alleged in Jeanbaptiste's Complaint.[1] Jeanbaptiste, "a bi-racial male . . . [with] light brown skin [and] coarse hair . . . characteristic of the African American race,"[2] was employed by Clarios from October 11, 2019, to January 20, 2020.[3]

During Jeanbaptiste's employment, Clarios failed to provide him with proper protective apparel, despite the fact that he was continually exposed to lead.[4] Because of these inadequate safety measures, he has suffered brain damage, difficulty

---

[1] *See Savor*, *Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002) (on a motion to dismiss "all well-pleaded factual allegations are accepted as true").

[2] Compl. at ¶ 5.

[3] *Id.* at ¶ 6.

[4] *Id.* at ¶ 8.

sleeping, "pain when [he] think[s]," and changes to his breathing, blood pressure, and heart function.[5]

Jeanbaptiste, aware that some employees were being paid more because they knew of the increased risks, asked his supervisor for a pay increase. His supervisor responded with a racial slur, and within an hour he was terminated from employment.[6]

The Complaint contains several references to provisions of the Delaware Discrimination in Employment Act (hereinafter the "DDEA")[7] but fails to state what claim, if any, is being brought under the DDEA.

Clarios has filed a motion to dismiss the Complaint pursuant to Superior Court Civil Rule 12(b)(6), or in the alternative for the Court to order Jeanbaptiste to amend the Complaint and provide a more definite statement pursuant to Superior Court Civil Rule 12(e). Jeanbaptiste has failed to respond to Clarios's Motion.

## II. STANDARD OF REVIEW

On a motion to dismiss, the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of [the complaint] would the [plaintiff] be entitled to relief."[8] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and

---

[5] *Id.*

[6] *Id.* The figure "5,000,000" is handwritten below the final paragraph of the Complaint; the Court assumes that this number represents the alleged damages.

[7] 19 *Del. C.* §§ 710-719a.

[8] *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000).

[(iv)] dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[9]

## III. DISCUSSION

As indicated *supra*, the Complaint makes several references to the DDEA but fails to indicate what provision, if any, Clarios is alleged to have violated. Even were this Court to assume that Jeanbaptiste is attempting to assert a claim under the DDEA, that claim fails for two reasons.

First, a plaintiff claiming a violation of the DDEA must exhaust all administrative remedies and receive a Right to Sue Notice before filing a civil action in this Court.[10] Additionally, the plaintiff must have filed suit within the requisite ninety-day right to sue period.[11] Here, Jeanbaptiste has failed to allege that he exhausted all administrative remedies, that he received a Right to Sue Notice, and that he has filed suit within the ninety-day right to sue period. These failures alone are sufficient for dismissal of any claim alleging a violation of the DDEA.

Second, even assuming *arguendo* that Jeanbaptiste has exhausted all administrative remedies and filed suit in a timely fashion, the potential DDEA claim must be dismissed because the Complaint fails to state the elements of a claim under the DDEA. When a complaint fails to allege the elements necessary to the cause of action, *i.e.*, is not "well-pleaded," it is subject to dismissal because it fails to demonstrate that the plaintiff is entitled to relief under any reasonable set of circumstances susceptible of proof.[12] Because the Complaint fails to put Clarios on

---

[9] *Savor*, 812 A.2d at 896-97 (internal citations and quotations omitted). *Accord Daisy Constr.*, 2000 WL 145818, at *1; *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[10] 19 *Del. C.* § 714(a) ("A charging party may file a civil action in Superior Court, *after exhausting the administrative remedies* provided herein and *receipt of a Delaware Right to Sue Notice* acknowledging same.") (emphasis supplied).

[11] *Id.* at § 714(b).

[12] *See Hedenberg v. Raber*, 2005 WL 3416420, at *2 (Del. Super. Nov. 14, 2005) (dismissing complaint because it failed to allege elements necessary to cause of action or facts entitling plaintiff to relief).

notice as to what provision, or provisions, of the DDEA it allegedly violated, it is not well-pleaded and therefore fails to state a claim upon which relief may be granted.[13]

Jeanbaptiste does allege that Clarios caused him to suffer injury during the course of his employment by failing to protect him from lead exposure. Any dispute over work-related injuries, however, must be heard in the first instance by the Industrial Accident Board (hereinafter the "IAB"), not this Court.[14] In other words, the exclusive remedy for a work-related injury is that provided by the Workers' Compensation Act.[15] Therefore, Jeanbaptiste's claims of work-related injury run afoul of the exclusivity provisions of the Workers' Compensation Act, and any such claims must be dismissed because the Court does not have jurisdiction over them.

---

[13] Super Ct. Civ. R. 12(b)(6); *Savor*, 812 A.2d at 896-97. The Complaint also fails to put Clarios on notice of the claims against it because the alleged reason why Jeanbaptiste was terminated from employment – whether it be on the basis of his race, or for requesting a raise, or for some other reason – is unclear. Assuming, *arguendo*, that Jeanbaptiste is bringing a claim of racial discrimination under the DDEA and that Clarios has been put on notice of the claims against it, Jeanbaptiste has nevertheless failed to state a *prima facie* case of such a claim because he has failed to allege that there was a nexus between Clarios's decision to terminate his employment and his race. *See Ennis v. Del. Transit. Corp.*, 2015 WL 1542151, at *5 (Del. Super. Mar. 9, 2015) (to state a *prima facie* case of racial discrimination, claimant must establish that: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he suffered an adverse employment action sufficient to invoke DDEA protection; and (4) there is a nexus between his protected trait and the employment decision). Instead, Jeanbaptiste appears to allege that he was terminated for requesting a raise, which is not a protected characteristic under the DDEA. *See* 19 *Del. C.* § 711(a)(1) ("It shall be an unlawful employment practice for an employer to . . . [f]ail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, marital status, genetic information, color, age, religion, sex (including pregnancy), sexual orientation, gender identity, or national origin.").

[14] *See generally* Workers' Compensation Act, 19 *Del. C.* § 2301 *et seq.*; *see also* 29 *Del. C.* § 8511(b) (the IAB has "jurisdiction over all cases arising under [the Workers' Compensation Act]."). Of course, Jeanbaptiste has the right to appeal an adverse decision of the IAB to this Court, 19 *Del. C.* § 2350(a), but that is not the matter before the Court.

[15] *See* 19 *Del. C.* § 2304 ("every employer and employee . . . shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident rising out of and in the course of employment . . . to the exclusion of all other rights and remedies."). Put another way, Section 2304 "'prevents an injured employee from suing the employer for the employer's negligence . . . .'" *Long v. Johnson & Johnson Services, Inc.*, 2020 WL 1987033, at *2 (Del. Super. Apr. 24, 2020) (quoting *Stayton v. Clariant Corp.*, 10 A.3d 597, 600 (Del. 2010)).

As a final matter, the Complaint is also subject to dismissal because Jeanbaptiste has failed to respond to Clarios's Motion and, indeed, has failed to file any submissions with the Court other than the Complaint. A failure to respond to a motion to dismiss indicates that the claims are abandoned.[16]

**WHEREFORE**, for the foregoing reasons, Clarios's Motion to Dismiss is **GRANTED,** and Jeanbaptiste's Complaint is **DISMISSED WITH PREJUDICE**. Because the Motion to Dismiss is granted, the Court need not address Clarios's Motion for a More Definite Statement.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress*
oc:    Prothonotary
        Counsel of Record
        file

---

[16] *Dunfee v. KGL Holdings Riverfront, LLC*, 2016 WL 6988791, at *6 n.25 (Del. Super. Nov. 23, 2016). *See also* Super. Ct. Civ. R. 107(f) ("If any brief, memorandum, deposition, affidavit, or any other paper which is or should be a part of a case pending in this Court, is not served and filed . . . in accordance with any order of the Court . . . the Court may, in its discretion, dismiss the proceeding if the plaintiff is in default . . . or summarily grant or deny the motion . . . ."); *Pierre-Louis v. Bank of America, N.A.*, 128 A.3d 993, 2015 WL 7353904, at *2 (Del. Nov. 19, 2015) (TABLE) (affirming this Court's grant of motion to dismiss when *pro se* plaintiff failed to respond to defendants' motion to dismiss); *Fennell v. Hampton*, 7 A.3d 484, 2010 WL 4103011, at *2 (Del. Oct. 19, 2010) (TABLE) (affirming this Court's grant of motion to dismiss when *pro se* plaintiff failed to respond to defendant's motion to dismiss); *Boulden v. Albiorix, Inc.*, 2013 WL 396254, at *5 (Del. Ch. Jan. 31, 2013) (holding that plaintiff's failure to respond to specific argument in defendant's motion to dismiss indicated that he had conceded the argument).